In re BURLINGTON COAT FACTORY
WAREHOUSE OF McALLEN,
INC., Relator.

No. 02–1084.

Supreme Court of Texas.

July 1, 2005.

Javier Gonzalez, Chester J. Makowski, Keith N. Uhles and Nicholas Arthur Parma, Royston Rayzor Vickery & Williams, L.L.P., Brownsville, Jon D. Brooks, The Rangel Law Firm, P.C., Corpus Christi, for relator.

William E. Corcoran, Law Office of William E. Corcoran, Keith C. Livesay, Livesay Law Office, McAllen, and Frank G. Davila, Frank G. Davila & Associates, Corpus Christi, for respondent.

Chief Justice JEFFERSON delivered the opinion of the Court, in which Justice HECHT, Justice WAINWRIGHT, Justice BRISTER, Justice MEDINA and Justice GREEN joined.

In this case, relator Burlington Coat Factory Warehouse of McAllen, Inc. (Burlington) contends that the trial court abused its discretion by allowing execution to issue before a final judgment had been entered. We agree. Because we conclude that Burlington lacks an adequate remedy by appeal, we conditionally grant a writ of mandamus directing the trial court to vacate its orders permitting execution of the judgment.

On November 29, 2001, Evangelina Garcia sued Burlington for injuries sustained while shopping at a Burlington retail store in McAllen. Garcia sought to recover both actual and exemplary damages. Burlington did not file an answer in the trial court, and on March 25, 2002, the trial court rendered a default judgment in favor of Garcia. The judgment included a finding that Burlington was negligent, and it awarded Garcia $183,000 plus post-judgment interest. It further provided that "[a]ll other relief not expressly granted is hereby denied." The default judgment was silent, however, on the exemplary damages claim. Burlington timely filed a motion for new trial, and the trial court

signed an order granting the new trial on August 12, 2002.

Garcia contended in the trial court that the order granting a new trial was void for lack of jurisdiction; specifically, Garcia argued that the March 25 judgment was a final judgment, and that the trial court's plenary power therefore expired on July 10, 2002—105 days after the judgment was signed. *See Philbrook v. Berry,* 683 S.W.2d 378, 379 (Tex.1985); Tex.R. Civ. P. 329b(a), (c), (e). On August 21, 2002, the trial court entered a docket notation indicating that the new trial was cancelled due to a lack of jurisdiction; however, the trial court did not sign a written order to that effect.

 In September 2002, Garcia attempted to enforce the judgment through execution. In order to avoid execution on its retail merchandise, Burlington placed $191,523.24 in the registry of the court.[1] Burlington also filed a motion to quash execution, arguing that the trial court's judgment was interlocutory and therefore not yet subject to execution. The trial court denied the motion to quash execution and ordered that the monies in the registry of the court be released to Garcia's attorney, William E. Corcoran. Burlington then sought mandamus relief.[2]

 We agree that the trial court's March 25 judgment was interlocutory rather than final. Although a judgment following a trial on the merits is presumed to be final, there is no such presumption of finality following a summary judgment or default judgment. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 199–200 (Tex. 2001) ("[T]he ordinary expectation that supports the presumption that a judgment rendered after a conventional trial on the merits will comprehend all claims simply does not exist when some form of judgment is rendered without such a trial."); *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986). Thus, while a clause stating that "all other relief not expressly granted is hereby denied" indicates that a post-trial judgment is final, it does not establish finality with

1. Burlington enclosed a letter to the Cameron County deputy sheriff with the funds; the letter stated that "this check is being sent on the understanding that the execution proceedings will cease forthwith." Garcia asserts that this letter constitutes a Rule 11 agreement to settle the case. *See* Tex.R. Civ. P. 11 ("Unless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record."). However, we have held that Rule 11, like the statute of frauds, requires a "written memorandum which is complete within itself in every material detail, and which contains all of the essential elements of the agreement," so that the agreement "can be ascertained from the writings without resorting to oral testimony." *Padilla v. LaFrance,* 907 S.W.2d 454, 460 (Tex.1995); *Cohen v. McCutchin,* 565 S.W.2d 230, 232 (Tex.1978). This letter does not express an agreement between parties or counsel. The letter was addressed only to the deputy sheriff, not to Ms. Garcia or her attorneys. Nothing in the letter indicates that the attorneys or parties had reached an agreement, and nothing in the letter describes the essential terms of such an agreement.

2. In addition to seeking a writ of mandamus, Burlington also filed a bill of review in the trial court. Garcia now asserts that (1) Burlington's decision to seek a bill of review judicially estops it from contending that the judgment was interlocutory, and (2) Burlington's statements in the bill-of-review proceeding amount to a judicial admission that the judgment was final. We disagree. Parties may pursue a bill of review while pursuing other relief, and assertions in such alternative pleadings are not judicial admissions. *See Houston First Am. Sav. v. Musick,* 650 S.W.2d 764, 767 (Tex.1983); *see also Havens v. Ayers,* 886 S.W.2d 506, 511 (Tex.App.-Houston [1st Dist.] 1994, no writ).

regard to a default judgment. *See Lehmann*, 39 S.W.3d at 203–04.

■ A judgment that actually disposes of all parties and all claims is final, regardless of its language; however, a default judgment that fails to dispose of all claims can be final only if "intent to finally dispose of the case" is "unequivocally expressed in the words of the order itself." *Id.* at 200. The default judgment in this case failed to dispose of all claims; it awarded damages "[o]n the claim of negligence" but failed to dispose of Garcia's claim for exemplary damages based on gross negligence. *See Houston Health Clubs, Inc.*, 722 S.W.2d at 693 (holding that a default judgment that "did not dispose of the punitive damage issue" was not final). Because the judgment does not dispose of all the claims, it cannot be final unless its words "unequivocally express" an "intent to finally dispose of the case." *See Lehmann*, 39 S.W.3d at 200.

In *Lehmann*, we provided an example of unequivocal language that would clearly indicate finality, noting that "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention." *Lehmann*, 39 S.W.3d at 206. This default judgment lacks such an unequivocal expression. It does not state that it is a final judgment. In addition, it does not purport to dispose of all parties and all claims, and it does not actually dispose of Garcia's claim for punitive damages. It is true that the judgment awarded costs and provided that Garcia "is entitled to enforce this judgment through abstract, execution and any other process necessary." However, these factors are not dispositive; the judgment in *Houston Health Clubs* similarly awarded costs, awarded interest from the date of judgment, and provided that the plaintiff "shall have any and all such writs, attachments, executions, and processes as may

be necessary to accomplish the relief granted to her herein." *Erwin v. Houston Health Clubs Inc.*, No. 85–07146 (157th Dist. Ct., Harris County, Tex., May 14, 1985). Nevertheless, we concluded that the judgment in that case was not final because it did not actually dispose of the plaintiff's claim for punitive damages. *See Houston Health Clubs, Inc.*, 722 S.W.2d at 693.

Furthermore, trial courts sometimes use this wording in interlocutory judgments that are intended to become final only when other claims are later adjudicated. *See, e.g., Auto. Ins. Co. v. Young*, No. 07–00–0469–CV, 2001 WL 708505 (Tex.App.-Amarillo June 25, 2001, no pet.), 2001 Tex. App. LEXIS 4188 (not designated for publication). In *Young*, the trial court granted an interlocutory judgment in favor of one plaintiff against one defendant. *Id.* Although the judgment provided that "IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff, MYRTLE YOUNG is entitled to enforce this judgment through abstract, execution, and any other process," the judgment was not intended to be final; there were additional parties whose claims were still pending before the trial court, and the judgment could not become final until those claims were adjudicated or severed. *Id.; see also* Tex.R. Civ. P. 41.

■ We cannot conclude that language permitting execution "unequivocally express[es]" finality in the absence of a judgment that actually disposes of all parties and all claims. *See Lehmann*, 39 S.W.3d at 200. A judgment "must be read in light of the importance of preserving a party's right to appeal"; if we imply finality from anything less than an unequivocal expression, a party's right to appeal may be jeopardized. *Id.* at 195, 206 ("[W]hether a judicial decree is a final judgment must be determined from its language and the rec-

ord in the case. Since timely perfecting appeal (as well as filing certain post-judgment motions and requests) hangs on a party's making this determination correctly, certainty is crucial."). Because the judgment's language does not unequivocally express that it was intended to be final and because the judgment does not dispose of all claims, we conclude that it is interlocutory.

 Because the default judgment was interlocutory, the trial court abused its discretion by permitting execution to issue. First, an interlocutory judgment may not be enforced through execution. Tex.R. Civ. P. 622 (permitting execution only in cases "in which a final judgment has been rendered"); *Nalle v. Harrell,* 118 Tex. 149, 12 S.W.2d 550, 551 (1929). Second, at the time the trial court permitted execution, there was not even an interlocutory judgment then in force; the trial court vacated the default judgment when it granted Burlington's motion for new trial on August 12, 2002. Because the default judgment was interlocutory, the trial court retained jurisdiction to set the judgment aside and order a new trial. *See Fruehauf Corp. v. Carrillo,* 848 S.W.2d 83, 84 (Tex. 1993) ("The trial court also retains continuing control over interlocutory orders and has the power to set those orders aside any time before a final judgment is entered."). Moreover, the court's later docket entry "cancelling" the new trial was ineffective to set aside the order granting a new trial; a docket entry does not constitute a written order. *Hamilton v. Empire Gas & Fuel Co.,* 134 Tex. 377, 110 S.W.2d 561, 566 (1937) (holding that "[j]udgments and orders of courts of rec-

ord to be effectual must be entered of record," and concluding that "[n]either entries in the judge's docket nor affidavits can be accepted as substitute for such record; and docket entries, affidavits, and other like evidence can neither change nor enlarge judgments or orders as entered in the minutes of the court"). Consequently, there was no judgment in force—much less a final judgment—at the time the trial court ordered execution.

 We further conclude that Burlington has no adequate remedy by appeal. We have previously recognized that there is no adequate remedy by appeal when a trial court ignores its earlier order granting a new trial. *See In re Barber,* 982 S.W.2d 364, 368 (Tex.1998). There is also no adequate remedy by appeal for allowing execution to issue before a final judgment has been entered. *See In re Tarrant County,* 16 S.W.3d 914, 918–19 (Tex.App.-Fort Worth 2000, orig. proceeding) (noting that a litigant has the right to supersede an adverse judgment during the pendency of an appeal, and that this right will be lost forever if execution is permitted prior to the entry of a final, appealable judgment); *see also Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656 (Tex.1996).

Accordingly, without hearing oral argument, we conditionally grant the writ of mandamus.[3] Tex.R.App. P. 52.8. We direct the trial court to vacate its orders permitting execution of the judgment and releasing the funds in the registry of the court to Corcoran. We are confident that the trial court will promptly comply, and the writ will issue only if it does not.

---

**3.** We agree with Justice O'Neill that relators must submit a sufficient mandamus record. Tex.R.App. P. 52.7(a) (requiring a relator to file "(1) a certified or sworn copy of every document that is material to the relator's claim for relief ... and (2) a properly authenticated transcript of any relevant testimony

from any underlying proceeding, ... or a statement that no testimony was adduced in connection with the matter complained."). Neither party suggests that the record in this case lacks any material document or relevant testimony.

Justice O'NEILL filed a dissenting opinion, in which Justice JOHNSON joined as to Part I.

Justice O'NEILL, joined by Justice JOHNSON as to Part I, dissenting.

I

I, agree with the Court that no presumption of finality attaches to the March 25th default judgment. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001). I also agree that the judgment's Mother Hubbard clause, standing alone, is insufficient to establish the judgment's finality. But, contrary to the Court's assessment, additional language in the order provides "other indicators of finality." 167 S.W.3d at 829. Accordingly, I would hold that the trial court did not abuse its discretion and deny Burlington Coat Factory Warehouse's mandamus petition.

In *Lehmann*, we rejected a formulaic approach to determining the finality of judgments; even an order that is entitled "final" may not be final. 39 S.W.3d at 200. Instead, we look for a "clear indication that the trial court intended the order to completely dispose of the entire case." *Id.* at 205. While the order here does not say, in so many words, that it is a final judgment or disposes of the entire case, it clearly indicates that the trial court intended it to be final in this case, which involves one plaintiff and one defendant.

First, the judgment awards the plaintiff, Evangelina Garcia, postjudgment interest "from the date this judgment is signed until paid." The judgment also awards Garcia a specific sum of prejudgment interest "measured from [the] date of judgment." In addition, the judgment states that "all relief not expressly granted is hereby denied" and orders that Garcia "is entitled to enforce this judgment through abstract, execution and any other process necessary." As the Court correctly observes, an interlocutory judgment may not

be enforced through execution. 167 S.W.3d at 831; Tex.R. Civ. P. 622. I would presume that the trial court was aware of this limitation and thus would take the trial court's unconditional statement that Garcia "is entitled" to execution, together with its award of pre- and postjudgment interest from the date the judgment was signed and the denial of all relief not expressly granted, as clear indications that the court intended the order to be final.

The same indicia of finality also distinguish this case from *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692 (Tex.1986). In that case, we held that the court of appeals abused its discretion in ordering the trial court to vacate an order granting a motion for new trial. *Id.* at 693–94. The trial court granted the motion after rendering a default judgment on all of the plaintiff's claims except punitive damages. We held that the default judgment was interlocutory because it did not dispose of the punitive-damages claim. *Id.* at 693. We did so because the underlying judgment did not mention the claim "either expressly or *by implication.*" *Id.* (emphasis added). While the judgment did provide that the plaintiff "shall have ... execution" and awarded interest from the "date of judgment," the judgment contained no Mother Hubbard clause, *see* Judgment, *Erwin v. Houston Health Clubs*, No. 85–07146 (157th Dist. Ct., Harris County, Tex., May 14, 1985), our touchstone for evaluating a summary judgment's finality at the time. *See Mafrige v. Ross*, 866 S.W.2d 590, 592 (Tex.1993), *overruled by Lehmann*, 39 S.W.3d at 204. SEQ CHAPTER *h *r 1 Moreover, the judgment generally provided that interest would run from "the date of judgment," whenever that might be, whereas in this case postjudgment interest ran from a specific date—"the date this judgment is signed." By including in the

order a statement that "all relief not expressly granted is hereby denied" and otherwise treating the order here as final, the trial court implicitly disposed of Garcia's exemplary damages claim. Because the trial court's judgment was not interlocutory, the court did not abuse its discretion in denying Burlington's motion to quash execution.

## II

I would additionally deny mandamus relief because Burlington has presented us with an insufficient record. The trial court's order denying Burlington's motion to quash execution recites that the court "considered the motion, Plaintiff's Response thereto, along with the evidence presented" and "finds that the motion is not well taken, because of the Rule 11 agreement, because the default judgment was final, and pursuant to the doctrines of judicial estoppel and judicial admission." Rule 52.7(a) of the Rules of Appellate Procedure provides that a relator "must file with the petition ... (1) a certified or sworn copy of *every* document that is material to the relator's claim for relief ... and (2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, ... or a statement that no testimony was adduced in connection with the matter complained." Tex.R.App. P. 52.7(a) (emphasis added). Burlington did not file Garcia's response to the motion to quash, although the trial court order specifically states that the court based its ruling, in part, on the response. Burlington also failed to provide the Court a transcript of any hearing on the motion to quash, although the order suggests that evidence was presented. *See* Tex.R.App. P. 52.7(a)(2). Nor did Burlington file a statement that no testimony was adduced in connection with its motion to quash. *See id.* SEQ CHAPTER *h *r 1 Burlington's failure to provide the required record is significant here because it may have

shown that the parties treated the order as final, and thus shed light on the order's finality. *See M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 674–75 (Tex.2004). I would deny mandamus relief.