In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-143 CV


____________________



IN RE SUNSHINE HOMES, INC.






Original Proceeding






 MEMORANDUM OPINION 


 Sunshine Homes, Inc. petitions for a writ of mandamus to compel the trial court to
strike the underlying proceeding from its trial docket and refrain from taking any further
action in the case. Relator contends the underlying suit has been dismissed and the trial
court, having lost jurisdiction, abused its discretion by placing the case on the trial docket. 
Because the relator has not established its present entitlement to the relief sought, we deny
the petition.

 The real parties in interest, Barry Mitchael and Lisa Mitchael, sued the relator and two
other parties, Meydon Lymberry III and Angelina Manufactured Homes, Ltd., in connection
with the purchase of a manufactured home. On April 11, 2005, counsel for the Mitchaels
acknowledged receipt of a try or dismiss docket and reminded the trial court by letter that an
amended docket control order, filed February 18, 2005, scheduled the trial for September 12,
2005. On April 18, 2005, an "Agreed Order of Dismissal" dismissed the Mitchaels' claims
against Lymberry and Angelina Manufactured Homes. The order included the following
language:

 The Court having noted that the Plaintiffs' claims against all other parties have
previously been dismissed, the Court now orders this claim to be dismissed in
its entirety with prejudice.


 Relator relies entirely on this order to support its claim that the plaintiffs below
dismissed their claims against the relator. The order does not expressly address the
Mitchaels' claims against the relator, and notwithstanding the recital in the order, no previous
orders of dismissal have been identified. No one suggests the Mitchaels intentionally
discontinued their suit against Sunshine Homes. 

 It appears that on June 1, 2005, the trial court dismissed the case for want of
prosecution. A motion to reinstate, filed June 14, 2005, contends that the letter of April 11,
2005, confirmed that the case had been removed from the June 1 try or dismiss docket and
placed on the September trial docket. Neither party provides this Court with a reinstatement
order. The case was not tried in September 2005. By affidavit, relator's attorney states that
on February 15, 2006, the trial court heard relator's motion to strike trial setting and motion
to dismiss, but took the motion under advisement and did not rule on the motion. The case
appears on the announcement docket for May 8, 2006, but the parties have not informed the
Court of any further developments in the case.

 An order acted on by the trial court after its plenary power expired would be void and
would constitute an abuse of discretion. In re Southwestern Bell Tel. Co., 35 S.W.3d 602,
605 (Tex. 2000). In the absence of a trial on the merits, finality cannot be implied from
anything less than an unequivocal expression. In re Burlington Coat Factory Warehouse of
McAllen, Inc., 167 S.W.3d 827, 830 (Tex. 2005). In this case, the effect of the April 18,
2005 order is disputed by the parties and the trial court has not ruled on the issue. According
to the Mitchaels, "this claim" in the Agreed Order of Dismissal refers only to their claims
against Lymberry and Angelina Manufactured Homes. According to Sunshine Homes, "this
claim" refers to the entire suit. 

 To be entitled to relief by mandamus, the relator must show not only that the trial
court clearly abused its discretion, but also that relator has no adequate remedy by appeal. 
In re The Prudential Ins. Co. of America, 148 S.W.3d 124, 135-36 (Tex. 2004). A
determination of adequacy of appeal as a remedy for an alleged clear abuse of discretion
involves a balance of jurisprudential considerations - including the distraction, expense, and
delay attendant in interfering with trial court proceedings - on the one hand, and the
preservation of important substantive and procedural rights on the other. Id. at 136. If the
trial court determines its plenary power over the case expired, we assume the trial court will
act accordingly. If the trial court determines that the case has not been dismissed, Sunshine
Homes may challenge the ruling on appeal. 

 We conclude that the relator has not demonstrated that mandamus is appropriate.
Accordingly, we deny the petition for writ of mandamus.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered May 25, 2006 

Before McKeithen, C.J., Kreger and Horton, JJ.