Petition for Writ of Mandamus Conditionally Granted and Memorandum
Opinion filed July 11, 2006









Petition for Writ of
Mandamus Conditionally Granted and Memorandum Opinion filed July 11, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-06-00203-CV

____________

 

IN RE SUNIL DUPTE, Relator

 

 

 

 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 

M E M O R A N D U M  O P I N I O N

 

            Relator Sunil Dupte seeks
a writ of mandamus ordering respondent, the Honorable Kenneth P. Wise,
presiding judge of the 152nd Judicial District Court of Harris County, Texas, to vacate his order of December 30, 2005, granting a motion to set aside a judgment
entered on May 18, 2005 in the underlying case.  For the reasons discussed
below, we conditionally grant the writ.

            Dupte filed a premises
liability action against real parties in interest, Julio A. Gonzalez and Maria
C. Gonzalez, their corporation, Taquerias Tepatitlan, Inc. (collectively, the
“Gonzalezes”), and Paula S. Vargas, d/b/a Taqueria Tepatitlan #12 (“Vargas”). 
On May 18, 2005, after a bench trial, two judgments were signed.  The first,
titled “Interlocutory Judgment,” granted Dupte judgment on his pleadings as to
liability, referenced previous orders striking the pleadings of the real
parties, and recited that Dupte would recover from the real parties the amount
proven at a trial on damages.  The second judgment, titled “Final Judgment,”
took notice of the previously entered interlocutory judgments, establishing the
real parties’ liability, and awarded Dupte actual and exemplary damages,
post-judgment interest, and costs of court.

            The Gonzalezes filed a
motion for new trial on June 17, 2005, which was never ruled on, and in October
of 2005, they filed a motion to set aside the May 18 Final Judgment.  The trial
court granted this motion on December 30, 2005, and vacated its previous
judgment.  Dupte seeks relief from the trial court’s December 30 order, arguing
it is void because the trial court’s plenary power had expired.  See Tex. R. Civ. P. 329b(c), (e).

            Mandamus relief is
available if a trial court issues an order after its plenary power has
expired.  In re Southwestern Bell Tel. Co., 35 S.W.3d 602, 605 (Tex. 2000).  If a motion for new trial is not determined by a written order signed within
seventy-five days after the judgment was signed, the motion is overruled by
operation of law.  Tex. R. Civ. P. 329b(c). 
The trial court retains its plenary power to grant a new trial or vacate a
judgment for thirty days after the motion is overruled.  See Tex. R. Civ. P. 329b(e).  Following
that period, a judgment cannot be set aside by the trial court “except by bill
of review . . . .”  Tex. R. Civ. P. 329b(f).

            In this case, the
Gonzalezes’ motion for new trial was overruled by operation of law on August 1,
2005, and the trial court’s plenary power expired thirty days later, on August
31.  See Tex. R. Civ. P. 329b(e). 
However, the real parties contend that the trial court retained jurisdiction to
vacate the Final Judgment because it was actually interlocutory in that it
awarded only damages without liability determinations and did not dispose of
Dupte’s negligence claims.

            Although a judgment
following a trial on the merits is presumed final, there is no such presumption
of finality following a summary judgment or default judgment.  In re Burlington Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 829 (Tex. 2005).  As to those, a judgment is final if it either actually disposes of all claims
and parties or states with unmistakable clarity that it is a final judgment as
to all claims and parties.  Id. at 830.  An intent to finally dispose of
the case must be unequivocally expressed in the words of the order itself, and
a statement like “This judgment finally disposes of all parties and claims and
is appealable,” leaves no doubt about the court’s intention.  Id.

            In this case, the Final
Judgment is entitled “Final Judgment,” and contains the foregoing statement.  It
also states that “[a]ll relief requested in this case and not expressly granted
is denied.”  An intent to finally dispose of the case could hardly have been
stated more clearly or unequivocally.[1] 
Therefore, the trial court’s December 30, 2005, order vacating the May 18, 2005
Final Judgment was signed outside the court’s plenary power and is void. 
Accordingly, without hearing oral argument, we conditionally grant[2]
the writ of mandamus and order the trial court to vacate its December 30, 2005
order.

 

 

                                                                                    /s/        Richard
H. Edelman

            Justice

 

Petition Conditionally Granted and
Memorandum Opinion filed July 11, 2006.  

Panel consists of Justices Anderson,
Edelman, and Frost.









[1]The
Gonzalezes’ motion for new trial following the Final Judgment expressly
describes it as a final judgment.





[2]The
writ will issue only if the trial court fails to act in accordance with this
opinion.