NO. 07-06-0254-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 24, 2006
_____

JANET K. FERGUSON D/B/A MASTER CLEAN CARPET
& UPHOLSTERY CLEANERS, APPELLANT

V.

BEST PUBLICATIONS, L.L.P., APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 56,613-C; HONORABLE PATRICK PIRTLE, JUDGE
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Janet K. Ferguson, d/b/a/ Master Clean Carpet & Upholstery Cleaners, perfected appeal from a summary judgment in a suit brought by appellee, Best Publications, L.L.P. This court has received a certified copy of an order granting Ferguson's motion for new trial, raising a question concerning our jurisdiction over this appeal. We are obligated to determine, sua sponte, our jurisdiction over an appeal. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990).

Perfection of appeal does not prevent the grant of a new trial within the time permitted by Rule of Civil Procedure 329b. Tex. R. Civ. P. 329b(d), (e). Rule 329b(c) provides a motion for new trial is overruled by operation of law if "not determined by written order signed within seventy-five days after the judgment was signed." Rule 329b(e) extends a trial court's plenary power to grant a new trial thirty days after any timely filed motion for new trial is overruled. The limited record before us indicates the challenged judgment was signed March 30, 2006. Appellant's motion for new trial was overruled by operation of law June 13, 2006. By virtue of rules 329b(c) and (e) the trial court had plenary power to grant a new trial until July 13, 2006. It did so on July 11, 2006.

The effect of the trial court's order is to vacate the original judgment, *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005), and put the case in the position as if there had been no trial. *Jordan v. Bustamante*, 158 S.W.3d 29, 36 (Tex.App.–Houston [14th Dist.] 2005, pet. denied). Because a final judgment is a prerequisite to our appellate jurisdiction, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

Per Curiam

2