NO. 07-06-0254-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JULY 24, 2006


______________________________


 

JANET K. FERGUSON D/B/A MASTER CLEAN CARPET


& UPHOLSTERY CLEANERS, APPELLANT



V.



 BEST PUBLICATIONS, L.L.P., APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 56,613-C; HONORABLE PATRICK PIRTLE, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Janet K. Ferguson, d/b/a/ Master Clean Carpet & Upholstery Cleaners, perfected
appeal from a summary judgment in a suit brought by appellee, Best Publications, L.L.P. 
This court has received a certified copy of an order granting Ferguson's motion for new
trial, raising a question concerning our jurisdiction over this appeal. We are obligated to
determine, sua sponte, our jurisdiction over an appeal. New York Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). 

 Perfection of appeal does not prevent the grant of a new trial within the time
permitted by Rule of Civil Procedure 329b. Tex. R. Civ. P. 329b(d), (e). Rule 329b(c)
provides a motion for new trial is overruled by operation of law if "not determined by written
order signed within seventy-five days after the judgment was signed." Rule 329b(e)
extends a trial court's plenary power to grant a new trial thirty days after any timely filed
motion for new trial is overruled. The limited record before us indicates the challenged
judgment was signed March 30, 2006. Appellant's motion for new trial was overruled by
operation of law June 13, 2006. By virtue of rules 329b(c) and (e) the trial court had
plenary power to grant a new trial until July 13, 2006. It did so on July 11, 2006.

 The effect of the trial court's order is to vacate the original judgment, In re Burlington
Coat Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 831 (Tex. 2005), and put the
case in the position as if there had been no trial. Jordan v. Bustamante, 158 S.W.3d 29,
36 (Tex.App.-Houston [14th Dist.] 2005, pet. denied). Because a final judgment is a
prerequisite to our appellate jurisdiction, Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195
(Tex. 2001), we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).


 Per Curiam 



demonstrating a conscientious review of the
record, and has memorialized his conversations with appellant in connection with the
appeal. Counsel has also attached exhibits showing that a copy of the Anders brief and
Motion to Withdraw have been forwarded to appellant, and that counsel has appropriately
advised appellant of appellant's right to review the record and file a response to counsel's
motion and brief. Appellant has not filed a response to counsel's motion and brief.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds on which appeal could be predicated. See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed2d 300 (1988); Stafford v. State, 813 S.W.2d
503, 511 (Tex.Crim.App. 1991). We have found no such grounds. We agree that the
appeal is frivolous. 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is affirmed.


 Phil Johnson

 Justice





Do not publish.