COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-425-CV

 

 

WELLS FARGO, N.A.                                                            APPELLANT

 

                                                   V.

 

DOROTHY KUHLMAN                                                              APPELLEE

 

                                              ------------

 

           FROM
THE 324TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On December 20, 2006, we sent
appellant a letter notifying it that this court was concerned that it did not
have jurisdiction over this appeal because the AJudgment by Default@ in favor of appellee Dorothy Kuhlman did not appear to be a final,
appealable order.  Specifically, the
trial court=s order did
not dispose of appellee=s claims
against Daniel J. Kuhlman, nor had the trial court signed any severance order
severing appellee=s claims
against appellant Wells Fargo, N.A. from appellee=s claims against Daniel J. Kuhlman.

Appellant filed a motion to
abate the appeal pending the trial court=s consideration of appellant=s request to vacate the default judgment; we granted appellant=s motion on January 10, 2007 and abated the appeal until February 9,
2007.  Our order stated that the appeal
would automatically be reinstated on February 9, 2007 and would be subject to
dismissal if the parties had not provided this court with a copy of Aany document signed by the trial court that would make the . . .
default judgment against appellant final and appealable.@  We have received no
correspondence from the parties since January 5, 2007, nor have we been
provided with a copy of any subsequent order from the trial court that would
render the default judgment final and appealable.

A default judgment that fails
to dispose of all claims can be final only if Aintent to finally dispose of the case@ is Aunequivocally
expressed in the words of the order itself.@  In re Burlington Coat
Factory Warehouse of McAllen, Inc., 167 S.W.3d 827, 830 (Tex. 2005) (orig.
proceeding) (quoting Lehmann v. Har‑Con Corp., 39 S.W.3d 191, 200
(Tex. 2001)).  Here, the default judgment
disposed only of appellee=s claims
against appellant; it did not purport to dispose of any claims against Daniel
J. Kuhlman.  Therefore, the judgment is
not final.








Because the default judgment
is not a final, appealable order, we dismiss this appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f); Tex. Civ. Prac. & Rem. Code Ann. ' 51.014 (Vernon Supp. 2006); Bally Total Fitness Corp. v.
Jackson, 53 S.W.3d 352, 355 (Tex. 2001).

 

PER CURIAM

PANEL D:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED: March 22, 2007











[1]See Tex.
R. App. P. 47.4.