WELLS FARGO V. KUHLMAN

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-425-CV

WELLS FARGO, N.A. APPELLANT

V.

DOROTHY KUHLMAN APPELLEE

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On December 20, 2006, we sent appellant a letter notifying it that this court was concerned that it did not have jurisdiction over this appeal because the “Judgment by Default” in favor of appellee Dorothy Kuhlman did not appear to be a final, appealable order.  Specifically, the trial court’s order did not dispose of appellee’s claims against Daniel J. Kuhlman, nor had the trial court signed any severance order severing appellee’s claims against appellant Wells Fargo, N.A. from appellee’s claims against Daniel J. Kuhlman.

Appellant filed a motion to abate the appeal pending the trial court’s consideration of appellant’s request to vacate the default judgment; we granted appellant’s motion on January 10, 2007 and abated the appeal until February 9, 2007.  Our order stated that the appeal would automatically be reinstated on February 9, 2007 and would be subject to dismissal if the parties had not provided this court with a copy of “any document signed by the trial court that would make the . . . default judgment against appellant final and appealable.”  We have received no correspondence from the parties since January 5, 2007, nor have we been provided with a copy of any subsequent order from the trial court that would render the default judgment final and appealable.

A default judgment that fails to dispose of all claims can be final only if “intent to finally dispose of the case” is “unequivocally expressed in the words of the order itself.”  
In re Burlington Coat Factory Warehouse of McAllen, Inc
., 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding) (quoting 
Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 200 (Tex. 2001)).  Here, the default judgment disposed only of appellee’s claims against appellant; it did not purport to dispose of any claims against Daniel J. Kuhlman.  Therefore, the judgment is not final.

Because the default judgment is not a final, appealable order, we dismiss this appeal for want of jurisdiction.  
See
 
Tex. R. App. P
. 42.3(a), 43.2(f); 
Tex. Civ. Prac. & Rem. Code Ann
. § 51.014 (Vernon Supp. 2006); 
Bally Total Fitness Corp
.
 v. Jackson
, 53 S.W.3d 352, 355 (Tex. 2001).

PER CURIAM

PANEL D: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: March 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.