Appeal Reinstated, Dismissed, and Memorandum Opinion
filed March 10, 2011.

 

 

In The

                                                                                                         

Fourteenth Court of
Appeals

____________

 

NO. 14-09-01048-CV

____________

 

TERRY LEE HARDIN, SR., Appellant

 

V.

 

DARLA RUTH HARDIN, Appellee

 



 

On Appeal from the 308th District Court

Harris County, Texas

Trial Court Cause No. 2007-26484

 



 

M E M O R
A N D U M   O P I N I O N

This is an attempted appeal from the denial of appellant’s
petition to enforce the parties’ property division after a divorce.  The clerk’s
record in this appeal does not contain an order denying appellant’s petition. 
On September 23, 2010, this court abated the appeal so that appellant could
file a supplemental record containing a signed, written order denying
appellant’s petition for enforcement.  See Tex. R. App. P. 27.2
(permitting the appellate court to treat actions taken before an appealable
order is signed as relating to an appeal of that order and give them effect as
if they had been taken after the order was signed).  On October 22, 2010, a
supplemental clerk’s record was filed, but it contained the same November 19,
2009, order denying appellee’s motion for contempt that was contained in the
original clerk’s record.  The record contained the district clerk’s certification
that the case file contained no signed order related to the petition to enforce
the property division filed June 13, 2008, or the amended petition to enforce
the property division filed September 11, 2009.

On November 2, 2010, notification was transmitted to the
parties of this court’s intention to dismiss the appeal for want of
jurisdiction unless appellant filed a response demonstrating that this court
has jurisdiction over the appeal on or before November 15, 2010.  See Tex.
R. App. P. 42.3(a).  On November 17, 2010, a supplemental clerk’s record was
filed, but it contained only a docket sheet reflecting that the motion to
enforce was denied.  An entry made on a docket sheet does not constitute a
written order and is not appealable.  See In re Burlington Coat Factory
Warehouse of McAllen, Inc., 167 S.W.3d 827, 831 (Tex. 2005).  

On November 23, 2010, the court again ordered the record
supplemented on or before December 20, 2010.  On December 20, 2010, a
supplemental clerk’s record was filed containing the clerk’s certification that
as of that date, no order had been signed or filed relating to the denial of
appellant’s petition for enforcement of the property division.  

On January 3, 2011, notification was transmitted to the
parties of this court’s intention to dismiss the appeal for want of
jurisdiction unless appellant filed a response demonstrating that this court
has jurisdiction over the appeal on or before January 18, 2011.  See Tex.
R. App. P. 42.3(a).  On January 18, 2011, appellant requested additional time
to supplement the record.  No supplement was filed.  On January 31, 2011,
notification was again transmitted to the parties of this court’s intention to
dismiss the appeal for want of jurisdiction unless appellant filed a response
demonstrating that this court has jurisdiction over the appeal on or before
February 11, 2011.  See Tex. R. App. P. 42.3(a).  The letter noted that
no further extensions of time would be granted.  On February 11, 2011,
appellant again submitted a letter requesting additional time to file the
supplemental record.  To date, appellant has had more than five months to
obtain a signed order and file a supplemental clerk’s record, and he has not
provided the record as ordered.  

In the absence of a signed order, we lack jurisdiction over
this appeal.  Accordingly, the appeal is ordered reinstated and dismissed.[1]

 

PER CURIAM

 

Panel consists of Justice
Brown, Boyce, and Jamison.  









[1]  We note that
the dismissal is without prejudice to the filing of a new notice of appeal
after an appealable order has been signed.