NO. 07-11-0434-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 7, 2011
_____

IN THE INTEREST OF C.J.G., a Child
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 5552-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

**MEMORANDUM OPINION**

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Eric Gamez, appellant, perfected his appeal from a judgment entered in the above referenced matter. This court has received the clerk's record which contains an order granting appellant's motion for new trial, raising a question concerning our jurisdiction over this appeal. We are obligated to determine, *sua sponte*, our jurisdiction over an appeal. *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 678 (Tex. 1990). Therefore, we sent a letter to appellant giving him until December 1, 2011, to explain why we have jurisdiction over the appeal. To date, no response has been received.

Perfection of appeal does not prevent the grant of a new trial within the time permitted by Rule of Civil Procedure 329b.  TEX. R. CIV. P. 329b(d), (e).  Rule 329b(c) provides a motion for new trial is overruled by operation of law if "not determined by written order signed within seventy-five days after the judgment was signed."  Rule 329b(e) extends a trial court's plenary power to grant a new trial thirty days after any timely filed motion for new trial is overruled.  The limited record before us indicates the challenged judgment was signed October 4, 2011.  The new trial motion was timely filed, and the order granting same was signed on October 31, 2011.

The effect of the trial court's order is to vacate the original judgment, *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005), and put the case in the position as if there had been no trial.  *Jordan v. Bustamante*, 158 S.W.3d 29, 36 (Tex.App.–Houston [14th Dist.] 2005, pet. denied).  Because a final judgment is a prerequisite to our appellate jurisdiction, *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), we dismiss the appeal for want of jurisdiction.  TEX. R. APP. P. 42.3(a).

Brian Quinn
Chief Justice