**Opinion issued October 25, 2012**



**In The**

**Court of Appeals**

**For The**

**First District of Texas**

_____

**NO. 01-10-00598-CV**

_____

**DONALD C. JACKSON, Appellant**

**V.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee**

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 37704**

---

**MEMORANDUM OPINION**

In 2006, appellant Donald C. Jackson, an inmate, sued appellee Texas Department of Criminal Justice (TDCJ) for having unconstitutionally deprived him

of his property, namely, a typewriter and a box fan. TDCJ filed a plea to the jurisdiction, asserting that sovereign immunity barred appellant's claims. The trial court denied the plea, in part, and TDCJ appealed. On May 29, 2008, we reversed and rendered judgment dismissing appellant's case against TDCJ. *Texas Dep't of Criminal Justice v. Jackson*, No. 01-07-00477-CV, 2008 WL 2209350, at *6 (Tex. App.—Houston [1st Dist.] May 28, 2008, pet. denied) (mem. op.). We denied appellant's motions for rehearing and en banc reconsideration. In addition, the supreme court denied appellant's petition for review and motion for rehearing. On May 5, 2009, our mandate issued. On May 3, 2010, the trial court administratively closed the case through a docket sheet entry, and appellant appealed.

On July 31, 2012, we dismissed the appeal for lack of jurisdiction. Appellant filed a motion for rehearing and a motion, in the alternative, to reinstate and abate the appeal so that he could seek an order from the trial court. *See* TEX. R. APP. P. 27.2. We deny the motion for rehearing and the motion to abate, but withdraw our previous opinion and issue this opinion in its stead. Our disposition and judgment remain unchanged. We dismiss the appeal for lack of jurisdiction.

To the degree appellant seeks review of the matters resolved by our opinion of May 29, 2008, appellant is not entitled to further review. *See* TEX. R. APP. P. 49, 64. The Court has already considered and denied appellant's motions for rehearing

2

and en banc reconsideration. The supreme court has denied appellant's petition for review and motion for rehearing.

To the degree appellant complains that the trial court failed to carry out this Court's mandate as directed because the trial court failed to render judgment dismissing the case, this Court did not direct the trial court to dismiss the case. Rather, in accordance with Rule of Appellate Procedure 43.2 and as reflected in this Court's mandate, this Court rendered judgment dismissing the case. *See* TEX. R. APP. P. 43.2.

Finally, no appeal lies from either a docket sheet entry or an administrative closure. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005) (stating that entry made on docket sheet does not constitute written order and is not appealable); *see e.g.*, *Jackson v. Texas Bd. of Pardons and Paroles*, No. 01-10-00800-CV, 2012 WL 3775975, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2012, no pet.) (mem. op.) (concluding that administrative closure is not appealable because case is subject to reopening on motion to trial court).

On October 31, 2011, we notified appellant that his appeal was subject to dismissal for want of jurisdiction unless he filed a response showing grounds for

continuing the appeal.  Appellant filed a response, but it does not show grounds for continuing the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

4