

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00417-CV

———————————————

JESSE JAMES FITNESS, LLC, OUTLAW BOOTCAMP OF MCKINNEY, LLC, OUTLAW BOOTCAMP FRANCHISE, LLC, OUTLAW BOOT CAMP, A TEXAS LIMITED LIABILITY COMPANY, JESSE J. LEYVA, INDIVIDUALLY, OUTLAW FITCAMP FRANCHISE, LLC, OUTLAW FITCAMP, LLC, AND OUTLAW LIFE, LLC, Appellants

V.

FLOSSIE STILES, INDIVIDUALLY, Appellee

On Appeal from the 362nd District Court
Denton County, Texas
Trial Court No. 18-2672-362

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Chief Justice Sudderth

# MEMORANDUM OPINION

After filing their notice of appeal of the trial court's entry of default judgment against them, Appellants Jesse James Fitness, LLC; Outlaw Bootcamp Franchise, LLC; Outlaw Boot Camp, a Texas Limited Liability Company; Jesse J. Leyva, Individually; Outlaw Fitcamp Franchise, LLC; Outlaw Fitcamp, LLC; and Outlaw Life, LLC, filed a "Motion for Jurisdictional Determination." Appellants assert that they filed their notice of appeal out of an abundance of caution and argue that we lack jurisdiction because the default judgment is not a final and appealable order due to its failure to address Appellants' counterclaims. We agree with Appellants and accordingly dismiss this appeal.

Appellee Flossie Stiles sued Appellants for damages arising from a business deal gone bad. On July 23, 2019, the trial court struck the Appellants' answers for their continued failure to comply with discovery orders.[1] One hour after the sanctions order was filemarked by the district clerk, Appellants Jesse James Fitness, LLC and Jesse J. Leyva filed an "Original Counter-Petition, Rule 194 Request for Disclosure, and Rule 193.7 Notice." A week later, on July 30, 2019, Appellee filed a motion to strike the counterpetition. There is no order in the record granting or denying that motion.

---

[1]We express no opinion today as to the substance of the trial court's sanctions order.

On August 26, 2019, on Appellee's motion, the trial court signed a "Final Default Judgment" against Appellants. The judgment awarded Appellees over $450,000 in economic and exemplary damages for fraud and fraudulent conduct, provided that "all necessary writs shall issue as necessary following the finality of this Judgment," provided that Appellee "shall be able to abstract this Final Judgment," and stated "All writs of execution and processes for the enforcement of this Judgment may issue as necessary." Finally, it contains a Mother Hubbard clause, "All other relief not expressly granted herein is denied," and states "This is a Final Judgment." It does not, however, address the counterpetition filed by Appellants Jesse James Fitness and Jesse Leyva.

With regard to judgments in cases such as this, in which a conventional trial was not held, there is no presumption of finality. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 199 (Tex. 2001). Consequently, this judgment is final for purposes of appeal "if and only if either it actually disposes of all claims or parties then before the court, regardless of its language, or it states with *unmistakable clarity* that it is a final judgment as to all claims and all parties." *Id.* at 192–93 (emphasis added). Including the word "final" in the title or elsewhere in the order, awarding costs, or stating that the order or judgment is appealable is not necessarily language of sufficient clarity to make it final for purposes of appeal. *Id.*

Here the "Final Default Judgment" does not meet the requirements of *Lehmann* because it neither disposes of the counterclaims nor includes clear language that it

3

intended for the judgment to do so. *Id.* at 203–04 (noting that a Mother Hubbard clause—"all other relief not expressly granted herein is denied"—is ambiguous as to the court's intention and overruling precedent approving of Mother Hubbard clause to indicate finality, but also noting that "[a] statement like, 'This judgment finally disposes of all parties and all claims and is appealable', would leave no doubt about the court's intention."); *see also In re Elizondo*, 544 S.W.3d 824, 825, 827 (Tex. 2018) (orig. proceeding) (holding order was final for purposes of appeal when it stated, "This judgment is final, *disposes of all claims and all parties*, and is appealable") (emphasis added); *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829–31 (Tex. 2005) (orig. proceeding) (holding default judgment was interlocutory despite Mother Hubbard clause).

Because we hold that the "Final Default Judgment" is not final for purposes of appeal, we lack jurisdiction to consider Appellants' appeal. *See In re Roxsane R.*, 249 S.W.3d 764, 774–75 (Tex. App.—Fort Worth 2008, orig. proceeding) ("Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal."); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (listing orders from which interlocutory appeals may be taken). We therefore dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: February 20, 2020