# Supreme Court of Texas

No. 24-0267

In the Interest of C.K.M., a Child

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

This case presents yet another "new scenario" in which we must decide whether a trial court's order was "final."[1] The order at issue directed the court clerk to "remove this cause from the Court's docket and send notice to all parties that this cause is hereby dismissed." A split court of appeals held that the order was a final judgment and that the trial court thus lost plenary power before it later heard and granted a motion for sanctions. Based on that holding, the appellate court vacated the sanctions order and dismissed the appeal from that order. We disagree with the court's conclusion. Because the trial court has not yet entered a final judgment, we agree that the appeal must be dismissed. But we reverse the judgment vacating the sanctions order. We remand the case to the trial court for further proceedings.

---

[1] *See In re Lakeside Resort JV*, 689 S.W.3d 916, 918 (Tex. 2024) ("[N]ew [finality] scenarios continue to emerge.").

The case began in September 2022, when the Texas Department of Family and Protective Services filed a petition for temporary orders requiring Mother and Father to participate in state-provided services for the safety of their Child.[2] The trial court promptly granted the temporary orders. Nearly a year later, on August 4, 2023, the Department filed a separate petition to terminate Mother's and Father's parental rights and to obtain conservatorship of the Child. A few days later, Mother filed a motion to consolidate the two suits. That same day, Mother filed an original answer and a counter-petition in both suits, requesting that she be given sole managing conservatorship of the Child. She also filed a motion for sanctions in both suits, asserting that the Department's claims were frivolous and brought in bad faith. The next day, Father also filed an answer and a counter-petition for sole managing conservatorship and then filed his own motion for sanctions shortly thereafter. In response to these filings, the Department moved to nonsuit all its claims.

The trial court conducted an adversary hearing on August 10, 2023. At that hearing, the court orally granted the motion to consolidate and expressed frustration with the Department's decision to nonsuit its claims. "If you present me with a nonsuit," the court explained, "I'm required by law to sign it." But the court noted that Mother and Father

---

[2] *See* TEX. FAM. CODE § 264.203(a)(1) (authorizing the Department to sue for such temporary orders).

had filed sanctions motions and explained that it planned to conduct a separate hearing on those motions.[3]

On August 21, 2023, the Department appeared before the court to request that it enter an order dismissing the Department's claims in response to its motion to nonsuit. At that hearing, the court warned the Department "that filing a nonsuit basically admits that everything that the parents complained about in the hearing and that they're asking for sanctions on did happen." The court advised the Department that, despite the nonsuit, "I am having a sanctions hearing later this month, and I'm still going to have it." That same day, August 21, the court signed the Department's proposed dismissal order, which is entitled "Order on Motion to Terminate Temporary Order for Required Participation in Services Pursuant to Texas Family Code § 264.203(t)" (the Dismissal Order).[4] After reciting the parties' appearances, the Dismissal Order states:

> 2.1 The Court finds that the *Temporary Order For Required Participation in Services* in this case is no longer needed.
>
> 2.2 THEREFORE, THE COURT HEREBY terminates the *Temporary Order For Required Participation in Services.*
>
> 2.3 IT IS THEREFORE ORDERED that [the attorney ad litem] earlier appointed to represent the child is

---

[3] *See* TEX. R. CIV. P. 162 (providing that a dismissal by nonsuit "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal").

[4] Section 264.203(t) authorizes a court to terminate a temporary order for services "on finding the order is no longer needed." TEX. FAM. CODE § 264.203(t).

3

> relieved of all duties based on a finding of good cause.
>
> 2.4 The Clerk of this Court is hereby directed to remove this cause from the Court's docket and send notice to all parties that this cause is hereby dismissed.

On the following day, August 22, the trial court signed an order granting Mother's motion to consolidate the two cases. Almost a month later, on September 20, the court held a hearing on Mother's and Father's sanctions motions. At that hearing, the court announced that it was taking judicial notice of the record from the August 10 hearing and of the pleadings and other contents of the court's file. After taking the motions under advisement, the court entered an order on September 29 granting the sanctions motions, finding that the Department's claims were groundless and brought in bad faith, and ordering the Department to pay Mother's and Father's attorney's fees and costs (the Sanctions Order).

On October 4, the Department appealed the Sanctions Order. After requesting additional briefing from the parties, the court of appeals dismissed the appeal and vacated the Sanctions Order as void. ___ S.W.3d ___, 2024 WL 448854, at *1 (Tex. App.—Dallas Feb. 6, 2024). The court reasoned that, "[b]y dismissing 'this cause' and directing the Clerk of Court to 'remove this cause from the Court's docket,'" the Dismissal Order "expressly disposed of the entire case, and the order was final." *Id.* at *2. As a result, the Dismissal Order "trigger[ed] the running of the trial court's plenary power," which expired on September 20, the date of the hearing on the sanctions motions and nine

4

days before the court entered the Sanctions Order. *Id.*[5] We granted Father's petition for review.[6]

Generally, "a judgment issued without a conventional trial is final for purposes of appeal if . . . either [1] it actually disposes of all claims and parties then before the court, regardless of its language, or [2] it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192-93 (Tex. 2001).[7] Under the first method, the appellate court must review the record and determine whether the order in fact disposes of all then-pending claims and parties. *Id.* at 200. If it does, the judgment

---

[5] *See* TEX. R. CIV. P. 329b(d) (stating that court's plenary power generally expires thirty days after signing a final judgment).

[6] Mother filed a brief on the merits in this Court but failed to timely file any document that could be treated as a petition for review. She has thus failed to invoke this Court's jurisdiction, and we are unable to grant her relief. *See* TEX. R. APP. P. 53.1 ("A party who seeks to alter the court of appeals' judgment must file a petition for review."). Nevertheless, because the trial court has not yet entered a final judgment, the Sanctions Order is not void, and we are remanding the case to the trial court for further proceedings, Mother may benefit from our decision indirectly.

[7] *See also Sealy Emergency Room v. Free Standing Emergency Room Managers of Am.*, 685 S.W.3d 816, 820 (Tex. 2024) ("There are two paths for an order to become a final judgment without a trial: the order can (1) dispose of all remaining parties and claims then before the court, regardless of its language; or (2) include unequivocal finality language that expressly disposes of all claims and parties." (citing *Lehmann*, 39 S.W.3d at 200)); *Bella Palma v. Young*, 601 S.W.3d 799, 801 (Tex. 2020) ("[A] judgment is final *either* if 'it actually disposes of every pending claim and party' *or* 'it clearly and unequivocally states that it finally disposes of all claims and all parties.'" (quoting *Lehmann*, 39 S.W.3d at 205)); *In re Elizondo*, 544 S.W.3d 824, 826 (Tex. 2018) ("[A]n order is final if it includes a finality phrase [or] if it actually disposes of all claims before the trial court.").

5

"is final, regardless of its language." *Id.*[8]  The Department does not contend that the first method applies here.[9]  Instead, relying solely on the second method, it contends that the Dismissal Order clearly and unequivocally expresses the trial court's intent to dismiss all pending claims and parties and enter a final judgment.  We do not agree.

Just as an order that actually disposes of all claims and parties is final under the first method even if the order's language does not clearly express its finality, an order that clearly and unequivocally expresses finality is final under the second method even if it does not actually dispose of all claims and parties.  *Id.*[10]  "So, for example, if a defendant

---

[8] *See Lehmann*, 39 S.W.3d at 204 ("[A]n order can be a final judgment for appeal purposes even though it does not purport to be if it actually disposes of all claims still pending in the case.").  We recently held, however, that "[f]or default judgments alone," it is "unnecessary" to consult the record if "the judgment contains language that affirmatively *undermines or contradicts* finality." *Lakeside Resort JV*, 689 S.W.3d at 918 (emphasis added).  When a default judgment "includes language that negates or undermines finality," the first method does not apply and, under the second method, the judgment is not final. *Id.* at 923.  This case does not involve a default judgment.

[9] Mother and Father note that the Dismissal Order does not address their counter-petitions for conservatorship or their sanctions motions and contend that the record establishes that the trial court did not intend to dismiss those pleadings.  The Department does not dispute this contention, nor can it based on this record.

[10] *See also Patel v. Nations Renovations*, 661 S.W.3d 151, 154 (Tex. 2023) ("If the judgment clearly and unequivocally states that it finally disposes of all claims and parties, the assessment is resolved in favor of finding finality, and the reviewing court cannot review the record." (citing *Elizondo*, 544 S.W.3d at 827)); *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) ("If the order contains a 'clear and unequivocal' finality phrase disposing of the entire case, the order is final, and the failure to actually dispose of all claims and parties renders the order erroneous but not interlocutory."); *Bella Palma*, 601 S.W.3d at 801 ("[A] clear and unequivocal statement of finality must be 'given

---

6

moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final." *Id.*

To constitute a final judgment under the second method, the trial court's "intent to finally dispose of the case must be unequivocally expressed in the words of the order itself." *Id.* Although the order need not contain "magic language," *Bella Palma*, 601 S.W.3d at 801, or "[t]alismanic phrases," *Jones*, 629 S.W.3d at 924, it must on its face "clearly and unequivocally state[] that it finally disposes of all claims and parties," *Patel*, 661 S.W.3d at 154. Stated differently, its language must "leave no doubt about the court's intention" to enter a final judgment. *Lehmann*, 39 S.W.3d at 206.

We explained in *Lehmann* that an order stating "This judgment finally disposes of all parties and all claims and is appealable" would "leave no doubt about the court's intention." *Id.* More recently, we clarified that a "trial court may express its intent to render a final judgment by describing its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable." *Bella Palma*, 601 S.W.3d at 801 (citing *In re R.R.K.*, 590 S.W.3d 535, 543 (Tex. 2019)). Applying this standard, we held in *Bella Palma* that an order was final when it was entitled "Final Judgment," granted summary judgment against "Defendants," and stated "All relief not granted herein is denied. This is a final judgment," even though the order did not expressly address a

effect' even if review of the record would undermine finality." (quoting *Lehmann*, 39 S.W.3d at 206)).

party who was named as a defendant but never served with process. *Id.* at 802.

Similarly, we held in *Elizondo* that an order was final when it stated "This judgment is final, disposes of all claims and all parties, and is appealable. All relief not granted herein is denied," even though the order actually "left lots of relief not granted." 544 S.W.3d at 825. In *Jones*, we held that an order entitled "Order Granting Sanctions and Dismissing Case," which expressly granted each defendant's dismissal motion, confirmed "[t]he dismissal of the Bill of Review filed in this case," and stated "All relief not expressly granted herein is denied. ***This order is a final order***," was final even though it did "not include decretal language such as 'ordered, adjudicated, and decreed' to dispose of the petition for bill of review." 629 S.W.3d at 923-24. And most recently, we held in *Patel* that a judgment confirming an arbitration award, which "ORDERED, ADJUDGED AND DECREED that the Award is hereby confirmed," stated that the parties who participated in the arbitration "are therefore bound by the terms therein," granted the prevailing parties "all writs and processes to aid in execution of this judgment," and stated "that all relief not granted herein is denied" and "that this is a final judgment and appealable" was final, even though the plaintiff had amended its pleadings to name additional defendants who were not involved in the arbitration proceeding. 661 S.W.3d at 153.

Conversely, we have also made clear that an order does not clearly and unequivocally express an intent to enter a final judgment disposing of all claims and parties when it contains only one of these types of statements. It is not enough, for example, that an order merely

8

contains a "Mother Hubbard clause" stating that "all relief not granted is denied," *Lehmann*, 39 S.W.3d at 203-04,[11] *or* states in its title or on its face that it is "final," *id.* at 205, *or* states that it is "appealable," *id.*, *or* authorizes its enforcement or execution, *Burlington Coat Factory*, 167 S.W.3d at 830. Standing alone, none of these statements is sufficient to clearly and unequivocally express the trial court's intent that the order constitute a final judgment. *Patel*, 661 S.W.3d at 155. Indeed, as we recently held, even an order that was titled a "Final Order" and authorized its execution did "not expressly include clear finality language." *In re Urban 8 LLC*, 689 S.W.3d 926, 929 (Tex. 2024). Instead, "finality is not in doubt when a *host of indicia* are present (even if some common ones are not) and there is no contradiction or equivocation." *Lakeside Resort JV*, 689 S.W.3d at 924 (emphasis added) (citing *Patel*, 661 S.W.3d at 155).

The order in this case contains no such "host of indicia" of finality. It does not state that it is final or that it is appealable or that it disposes of all claims and parties. It does not contain a Mother Hubbard clause or language authorizing its enforcement or execution. It includes no decretal language except to order that the attorney ad litem is "relieved of all duties." Nevertheless, the Department contends, and the court of appeals agreed, that the order is final because it directs the court clerk

---

[11] *See R.R.K.*, 590 S.W.3d at 541 ("*Lehmann* therefore clarified that Mother Hubbard clauses are not a conclusive indication of finality."); *In re Burlington Coat Factory Warehouse of McAllen*, 167 S.W.3d 827, 829-30 (Tex. 2005) ("[A] clause stating that 'all other relief not expressly granted is hereby denied' . . . does not establish finality with regard to a default judgment.").

9

to remove "this cause" from the court's docket and notify the parties that "this cause is hereby dismissed."

According to the Department, the Dismissal Order's reference to "this cause" necessarily refers to the entire consolidated case, including all the claims, counterclaims, and motions filed by all parties in both the services case and the termination case. Nothing in the Dismissal Order, however, clearly and unequivocally expresses that intent. Although the Dismissal Order refers to "Cause No. 91555" (the consolidated case), its title refers only to the Department's motion to terminate the temporary order for services, its introductory paragraph states that only that specific request "was heard," it finds only that the temporary order "is no longer needed," and the only relief it grants is to terminate the temporary order and relieve the attorney ad litem of his duties. We conclude the Dismissal Order lacks the necessary "host of indicia" of finality, and its language referring to the dismissal of the "cause" and its removal from the court's docket, standing alone, does not clearly and unequivocally express the court's intent to enter a final judgment disposing of all claims and parties.

The trial court's August 21 order terminated the court's earlier temporary order for services, and its September 29 order granted Mother's and Father's sanctions motions, but neither order contains language that clearly and unequivocally expresses an intent to enter a final judgment disposing of all claims and parties. As a result, neither order constitutes a final judgment under *Lehmann*'s second method. And reviewing the record, neither order constitutes a final judgment under *Lehmann*'s first method because neither order addresses or

10

disposes of the State's petition to terminate the parents' rights and for conservatorship of the child or either parent's separate counter-petition for sole managing conservatorship. Because the trial court has not yet entered a final judgment in this case, we agree with the court of appeals that it lacked jurisdiction over the Department's appeal from the Sanctions Order. But because the Dismissal Order was not a final judgment, the trial court did not lose its plenary power before it entered the Sanctions Order and that order is not void. Without hearing oral argument pursuant to Texas Rule of Appellate Procedure 59.1, we grant the petition for review, reverse the court of appeals' judgment vacating the Sanctions Order, dismiss the appeal, and remand the case to the trial court for further proceedings.

**OPINION DELIVERED:** March 14, 2025