Opinion issued February 19, 2009











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00945-CV




ELIZABETH KILPATRICK, Appellant

v.

SANTIAGO VASQUEZ, VICTOR MARTINEZ, AND SONITROL
CORPORATION, Appellees




On Appeal from the 189th District Court 
Harris County, Texas
Trial Court Cause No. 2006–76122




MEMORANDUM OPINION 
          Following an automobile accident, Elizabeth Kilpatrick sued Santiago
Vasquez, Victor Martinez, and Sonitrol Corporation. Vasquez filed a no-evidence
motion for summary judgment, which the trial court granted on October 24, 2008. 
On November 17, 2008, Kilpatrick filed a notice of appeal reflecting that she was
appealing the October 24 summary judgment order.
          Vasquez has filed a motion to dismiss Kilpatrick’s appeal contending that this
Court lacks jurisdiction. Vasquez asserts that the October 24 order is not a final,
appealable judgment because it does not dispose of all pending claims and parties. 
Kilpatrick has not responded to Vasquez’s motion to dismiss.
          Unless a statute specifically authorizes an interlocutory appeal, appellate courts
have jurisdiction over final judgments only. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all
parties and all claims pending in the case, or if it states with “unmistakable clarity”
that it is a final judgment as to all claims and all parties. M.O. Dental Lab v. Rape,
139 S.W.3d 671, 673–75 (Tex. 2004); Lehmann, 39 S.W.3d at 192–93. To determine
whether an order actually disposes of all pending claims and parties, we may look to
the record in the case. Lehmann, 39 S.W.3d at 205–06. No presumption of finality
attaches to a motion for summary judgment.


 In re Burlington Coat Factory
Warehouse of McAllen, Inc., 167 S.W.3d 827, 829 (Tex. 2005).
          On its face, the October 24 summary judgment order does not state with
“unmistakable clarity” that it is a final judgment or that the trial court intended to
dispose of all parties and all claims. See Lehmann, 39 S.W.3d at 192–93. To the
contrary, the order disposes only of Kilpatrick’s claims against Vasquez.


 It does not
dispose of Kilpatrick’s claims against Martinez and Sonitrol. The record contains no
other orders disposing of Kilpatrick’s claims against these two defendants.


 And no
severance order appears in the record to transform the October 24 summary judgment
order into a final judgment.
 

          After fully reviewing the record, we conclude that we lack jurisdiction over
Kilpatrick’s appeal from the October 24 summary judgment order. We grant
Vasquez’s motion to dismiss. We dismiss the appeal for lack of jurisdiction. 




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Keyes, and Higley.