NO. 07-10-00496-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



JANUARY
21, 2011

 



 

PATRICK GARCIA, APPELLANT

 

v.

 

DICKENS COUNTY, CITY OF SPUR,

SPUR INDEPENDENT SCHOOL DISTRICT

IN THEIR OFFICIAL CAPACITY, APPELLEES 



 



 

 FROM THE 110TH DISTRICT COURT OF DICKENS
COUNTY;

 

NO. 4473; HONORABLE J. BLAIR CHERRY, JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appearing pro se, Patrick Garcia attempts to appeal a summary judgment order
dismissing all claims he asserts against appellee Dickens County.  Finding the summary judgment order does not
dispose of all parties to the litigation and is not an appealable interlocutory
order, we dismiss the appeal for want of appellate jurisdiction. 

According to the record, on July 23,
2010, Garcia filed suit against the county seeking reformation of a deed to
real property he acquired at a tax sale. 
The county answered on August 30. 
On October 7, it filed a motion for summary judgment contending Garcia’s
claims are barred by limitations and a deed reservation Garcia complains of is
permitted by statute.  The same day, the
county filed a “motion to dismiss,” in which it pointed out the City of Spur
and the Spur Independent School District also were grantors under the tax deed
to Garcia and that he had failed to join those entities.  Garcia filed an amended petition on October
21 naming the city and the school district as parties to his suit.

In response to the county’s motion
for summary judgment, the trial court signed an order on November 1, “dismiss[ing] all claims asserted by Patrick Garcia against
Dickens County.”  Garcia filed a notice
of appeal on November 30.  Now before us
is a motion filed by the county requesting dismissal of the appeal on the
ground that the trial court’s order of November 1 does not dispose of Garcia’s
claims against the city and the school district, and thus is an unappealable
interlocutory order.  Garcia has filed a
response.  

            Generally,
an appeal may be taken only from a final judgment.  See
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (stating
rule).  A judgment is final for purposes
of appeal if it disposes of all pending parties and claims.  Id. at
191; North East Independent School Dist.
v. Aldridge, 400 S.W.2d 893, 895 (Tex. 1966); see Farmer v. Ben E. Keith Co., 907 S.W.2d 495, 496 (Tex. 1995)
(per curiam) (appellate timetable runs from day trial court signs “whatever
order disposes of any parties or issues remaining before the court”).  “Although a judgment following a trial on the
merits is presumed to be final, there is no such presumption of finality
following a summary judgment or default judgment.”  In re
Burlington Coat Factory Warehouse of McAllen, Inc., 167
S.W.3d 827, 829 (Tex. 2005). 
Certain interlocutory orders, however, are made immediately appealable
by statute.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(West 2008); Jack B. Anglin Co., Inc. v.
Tipps, 842 S.W.2d 266, 272 (Tex. 1992).[1]  The absence of an appealable order deprives
an appellate court of jurisdiction to consider the appeal. Qwest Communications Corp. v. AT&T
Corp., 24 S.W.3d 334, 336 (Tex. 2000).  

            Here,
the county moved for summary judgment which the trial court granted.  The order expressly references the claims
Garcia asserts against the county.  It
does not mention the claims he asserts against the city and the school district
and we conclude it is not capable of such an interpretation.  Moreover, the order does not come within any
of the limited categories of interlocutory orders made immediately appealable
by statute.  We therefore lack appellate
jurisdiction.  We dismiss Garcia’s appeal
for want of jurisdiction.[2]  Tex. R. App. P. 42.3(a).

 

                                                                                                James
T. Campbell

                                                                                                            Justice











[1] A trial court may order an interlocutory appeal in a
civil action not otherwise available for interlocutory appeal on the occurrence
of specified conditions. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West 2008).  Those conditions have not occurred here.





[2]  Because the appeal
is dismissed for want of jurisdiction, we express no opinion on the merits.