NO. 07-10-00496-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 21, 2011

_____

PATRICK GARCIA, APPELLANT

v.

DICKENS COUNTY, CITY OF SPUR,
SPUR INDEPENDENT SCHOOL DISTRICT
IN THEIR OFFICIAL CAPACITY, APPELLEES

_____

FROM THE 110TH DISTRICT COURT OF DICKENS COUNTY;

NO. 4473; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appearing *pro se,* Patrick Garcia attempts to appeal a summary judgment order dismissing all claims he asserts against appellee Dickens County.  Finding the summary judgment order does not dispose of all parties to the litigation and is not an appealable interlocutory order, we dismiss the appeal for want of appellate jurisdiction.

According to the record, on July 23, 2010, Garcia filed suit against the county seeking reformation of a deed to real property he acquired at a tax sale.  The county answered on August 30.  On October 7, it filed a motion for summary judgment

contending Garcia's claims are barred by limitations and a deed reservation Garcia complains of is permitted by statute. The same day, the county filed a "motion to dismiss," in which it pointed out the City of Spur and the Spur Independent School District also were grantors under the tax deed to Garcia and that he had failed to join those entities. Garcia filed an amended petition on October 21 naming the city and the school district as parties to his suit.

In response to the county's motion for summary judgment, the trial court signed an order on November 1, "dismiss[ing] all claims asserted by Patrick Garcia against Dickens County." Garcia filed a notice of appeal on November 30. Now before us is a motion filed by the county requesting dismissal of the appeal on the ground that the trial court's order of November 1 does not dispose of Garcia's claims against the city and the school district, and thus is an unappealable interlocutory order. Garcia has filed a response.

Generally, an appeal may be taken only from a final judgment. *See Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001) (stating rule). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Id.* at 191; *North East Independent School Dist. v. Aldridge,* 400 S.W.2d 893, 895 (Tex. 1966); *see Farmer v. Ben E. Keith Co.,* 907 S.W.2d 495, 496 (Tex. 1995) (per curiam) (appellate timetable runs from day trial court signs "whatever order disposes of any parties or issues remaining before the court"). "Although a judgment following a trial on the merits is presumed to be final, there is no such presumption of finality following a summary judgment or default judgment." *In re Burlington Coat Factory Warehouse of McAllen,*

2

*Inc.,* 167 S.W.3d 827, 829 (Tex. 2005).  Certain interlocutory orders, however, are made immediately appealable by statute.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West 2008); *Jack B. Anglin Co., Inc. v. Tipps,* 842 S.W.2d 266, 272 (Tex. 1992).[1]  The absence of an appealable order deprives an appellate court of jurisdiction to consider the appeal. *Qwest Communications Corp. v. AT&T Corp.,* 24 S.W.3d 334, 336 (Tex. 2000).

Here, the county moved for summary judgment which the trial court granted.  The order expressly references the claims Garcia asserts against the county.  It does not mention the claims he asserts against the city and the school district and we conclude it is not capable of such an interpretation.  Moreover, the order does not come within any of the limited categories of interlocutory orders made immediately appealable by statute. We therefore lack appellate jurisdiction.  We dismiss Garcia's appeal for want of jurisdiction.[2]  Tex. R. App. P. 42.3(a).

James T. Campbell
Justice

---

[1] A trial court may order an interlocutory appeal in a civil action not otherwise available for interlocutory appeal on the occurrence of specified conditions. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(d) (West 2008).  Those conditions have not occurred here.

[2]  Because the appeal is dismissed for want of jurisdiction, we express no opinion on the merits.