Bobby GORMAN, Vivian Lorraine Keef, Kenneth Talbot and Marcella Talbot, Appellants,

v.

COUNTRYWOOD PROPERTY OWNERS ASSOCIATION, Appellee.

No. 09–99–282 CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 9, 1999.

Decided Oct. 14, 1999.

Rehearing Overruled Oct. 28, 1999.

## OPINION

EARL B. STOVER, Justice.

This is an appeal of an attorney's fee award under TEX. PROP.CODE ANN. § 5.006 (Vernon 1984).

After liens were filed on their property, some of the property owners ("appellants") in the Country Property Owners Association ("Association") sued the Association in 1996 to have the clouds removed from their titles.[1] The Association filed the liens against appellant's properties, because appellants had not paid certain maintenance fees allegedly owed to the Association. After the homeowners filed suit, the Association removed the liens, but filed a counterclaim against the homeowners for the unpaid maintenance fees. The case was ultimately tried to the court, which rendered judgment that the leins filed against the homeowners' property were invalid. The trial court, however, also granted relief on appellee's counterclaim and found the property owners owed specified amounts in delinquent maintenance fees. The amount of the judgment on the unpaid maintenance fees is as follows: $1,043.10 against Gorman, $836.12 against Keef, and $1,527.19 against the Talbots. Both sides were awarded attorney's fees: $3,500 for appellants' attorney's fees on the declaratory judgment action and $12,343.61 for appellee's attorney's fees and costs on the counterclaim.[2]

Subsequent to the rendition of judgment, appellants filed a motion for new trial on the attorney's fee issue. After a hearing, the trial court granted appellants' motion for new trial, severed the attorney's fee issue from the remainder of the cause, and later conducted a new trial on the attorney's fee issue alone.[3] At the

Richard R. Burroughs, Cleveland, for appellant.

Beatrice Mladenka, Shannon Breaux Sauceda, Fowler & Associates, Houston, for appellee.

Before WALKER, C.J., BURGESS and STOVER, JJ.

1. The appellant property owners are Bobby Gorman, Vivian Lorraine Keef, Kenneth Talbot, and Marcella Talbot. The homeowners' association is the appellee.

2. Appellee did not appeal the trial court's award of attorney's fees to appellants.

3. The record on appeal contains the following: the "order granting new trial," the order

conclusion of the new trial, the court awarded appellee $8,843.61 in attorney's fees. The property owners appeal from that award.

 The parties agree that the Association's cause of action relates to a breach of a restrictive covenant pertaining to real property and that the attorney's fee statute applicable to that cause of action is TEX. PROP.CODE ANN. § 5.006 (Vernon 1984). Section 5.006 provides as follows:

**§ 5.006. Attorney's Fees in Breach of Restrictive Covenant Action**

(a) In an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim.

(b) To determine reasonable attorney's fees, the court shall consider:

(1) the time and labor required;

(2) the novelty and difficulty of the question;

(3) the expertise, reputation, and ability of the attorney; and

(4) any other factor.

In terms of whether or not attorney's fees are to be awarded to the prevailing party in this type of action, the statute is not discretionary. An award in such a circumstance, if the attorney's fees are properly pleaded and proved, is mandatory. *See Beere v. Duren*, 985 S.W.2d 243, 249 (Tex. App.—Beaumont 1999, pet. denied.).

 Although the decision to award attorney's fees to the prevailing party under § 5.006 is not discretionary, the amount to be awarded must nonetheless be reasonable. In general, "[t]he reasonableness of attorney's fees, the recovery of which is authorized by ... statute is a

question of fact for the [trier of fact]. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998) (quoting *Trevino v. American Nat'l Ins. Co.*, 140 Tex. 500, 168 S.W.2d 656, 660 (1943). In determining whether there is sufficient evidence to support the "reasonableness of attorney's fees," we consider the factors set out in § 5.006. Our review of the record reveals the evidence demonstrates the attorney's fees are reasonable.

 In issue number one, appellants contend the trial court erred in failing to segregate the Association's attorney's fees regarding appellants' action on the liens, on which appellants were the prevailing parties, from the Association's attorney's fees on the past due maintenance fees, on which the Association was the prevailing party. The Association responds that it did segregate the hours between the two causes of action.

 If a party prevails on one but not on all of the causes of action for which attorney's fees may be recovered, only those causes for which no recovery for attorney's fees may be had must be segregated and excluded from consideration in determining reasonable attorney's fees. *See Aetna Cas. & Sur. v. Wild*, 944 S.W.2d 37, 41 (Tex.App.—Amarillo 1997, writ denied). However, segregation of attorney's fees is not required where the services rendered relate to (1) multiple claims arising out of the same facts or transaction and (2) the prosecution or defense entails proof or denial of essentially the same facts, so as to render the attorney's fees inseparable. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11 (Tex.1991).

At the original trial,[4] appellee's attorney specifically stated that her request for at-

---

awarding attorney's fees in the amount of $8,843.61, a motion for new trial, the order denying the motion for new trial, and filings regarding the appeal process. The petition, answer, counterclaim, discovery requests and responses, motion for summary judgment, and judgment from the original suit are not in the record before us.

4. During the new trial, which, like the first, was a bench trial, the trial judge indicated the attorneys could refer to proof that "you already have in the record." We take this to

torney's fees did not include the time expended on the case before the filing of the Association's answer and counterclaim. Appellee's attorney offered into evidence, and the trial court admitted over appellants' objection, an exhibit on attorney's fees. The exhibit is a detailed, itemized statement of the dates of services, a description of services performed on each date of service, the hourly rate, hours expended on each service, and the amount charged for each service. Exhibit entries on March 11, March 18, May 6, June 25, and June 28, 1996, specifically refer to work performed on the lien issue. The attorney's fee exhibit indicates there was pre-trial research on the implied lien and slander of title theories, but there was no charge for that research. According to the Association's attorney, approximately $2,000 was deducted from the Association's bill for time spent on appellants' request to release the lien and the response to that cause of action. After reviewing the reporter's record, we conclude there is sufficient evidence that the attorney's fees attributable to appellee's attorney's work on the lien issue was segregated from her work regarding the collection of the past due maintenance fees. Consequently, there was no error concerning segregation of fees. Issue number one is overruled.

■ In issue two, appellants contend the trial court should have allocated appellee's attorney's fees on the unpaid maintenance fees action among the appellants rather than assessing them jointly and severally. Appellants direct us to *Sterling*, 822 S.W.2d at 10–11, which, they claim, stands, at least in part, for the proposition that segregation of fees "entails proving which fees were incurred suing which defendants." In *Sterling*, a plaintiff sued three business entities, two of which settled and were dismissed from the case. The case proceeded to trial, and the plain-

tiff recovered against the remaining defendant. The Texas Supreme Court held that in the case of recovery against some of the litigants in a multiple party case, the prevailing party "must segregate the fees owed by the remaining defendants from those owed by the settling defendants so that the remaining defendants are not charged fees for which they are not responsible." *Id.*

The *Sterling* case is distinguishable from the instant case. Here, there were no settling parties, and no party was the subject of a non-suit. The parties in the suit were the same from the beginning to the end. *Sterling* is not applicable for the proposition for which appellants cite it, and appellants offer no other authority to support their contention. Issue number two is overruled.

■ In issue number three, appellants contend the attorney's fee award was unreasonable and excessive, because of (a) over-preparation of the case by appellee's attorney and (b) the disparity between the attorney's fee awarded and the amount of the unpaid maintenance fees. Quoting *Wuagneux Builders, Inc. v. Candlewood Builders, Inc.*, 651 S.W.2d 919, 923 (Tex. App.—Fort Worth 1983, no writ), appellants point out that "[a]ttorney's fees, where recoverable, must be reasonable under the particular circumstances of the case *and must bear some reasonable relationship to the amount in controversy.*" Here, the attorney's fee award is approximately two and one-half times greater than the unpaid maintenance fees. However, we do not find that factor alone to be dispositive of appellants' claim of excessive attorney's fees.

In claiming over-preparation by opposing counsel, appellants' attorney pointed to the fact that he prepared and tried the case in less than thirty hours in contrast to appellee's 120 hours.[5] He contends that

mean that the court considered the evidence from the new trial, the hearing on the motion for new trial, and the prior trial. We likewise

consider that evidence as being part of our scope of review.

5. In his brief on appeal, appellants' attorney stated that opposing counsel had expended

the Association's attorney, having over-prepared the case, wants the appellants to bear the burden of paying for her "wasted time."

In reviewing this contention, we look to the record before us, along with the factors detailed in § 5.006. As noted above, these factors include the time and labor involved, the novelty and difficulty of the questions, the expertise, reputation and ability of the attorney, and any other factor, such as the interest the client has at stake. In a case decided under the predecessor to § 5.006, the San Antonio court of appeals also looked at the issue of excessiveness of attorney fees.

In determining whether the award of attorney's fees is excessive, the appellate court should consider the entire record and decide the issue in the light of the testimony, the amount in controversy, the nature and complexities of the case, and the common knowledge and experiences of the justices as lawyers and judges.

Attorney's fees, where recoverable, must be reasonable under the particular circumstances of the case and must have some reasonable relationship to the amount in controversy or to the complexity of the issue to be determined. . . .

*Giles v. Cardenas*, 697 S.W.2d 422, 429 (Tex.App.—San Antonio 1985, writ ref. n.r.e.) (citations omitted).

A review of appellee's evidence regarding attorney's fees from the original trial, the hearing on the motion for new trial, and the new trial reveals the following:

1. Licensed in 1983, appellee's attorney has been practicing law since that time. For ten years, she has represented the Association on fee collection matters. She testified to the number of hours expended on the case, her hourly rate, and reasonableness of the charges in the community.

2. Appellee's attorney submitted an itemized exhibit detailing her hourly rate, nature of services, date of service, and the fee for each item of service. At the beginning of the case, her hourly rate was $175, but it was later increased to $225. The trial judge reduced the hourly rate to $100 an hour and awarded attorneys' fees accordingly.

3. Appellants originally filed suit regarding the liens on June 10, 1996, and on June 28, 1996, appellee released the liens it had filed on the properties.

4. Appellee's attorney prepared and filed a counterclaim, raising a sworn account cause of action on the unpaid maintenance fees.

5. Appellants requested discovery, and appellee responded to those requests. According to appellee's attorney, "We had to submit boxes of documents to these people ahead of time." "We spent a lot of hours on discovery."

6. Appellee filed a motion for summary judgment and argued at the hearing on the motion.

7. As detailed in the Association's exhibit on attorney's fees, appellee's attorney had numerous meetings and conversations with her client.

8. Appellee's attorney stated that, over her objection, more than a day and a half of the original trial had been taken up with testimony of appellants' witnesses concerning issues appellants had not even pled.

Pointing to the complexity of the matter, appellee's attorney further explained the suit involved more than simply the three landowners and the collection of delinquent fees; the case required the Association to take a stand on the maintenance fees of Gorman, Keef, and the Talbots in order to establish a precedent for the oth-

86.2 hours on the case. Regardless of which amount, if either, was correct, appellants' position remained constant—the case was over-prepared, and, therefore, the fee cannot be reasonable.

er property owners in the Association. According to appellee's attorney, the integrity of the maintenance fees and the Association itself was at stake.

At the conclusion of the hearing on the motion for new trial, the trial judge stated he felt the appellants' "attack on the assessments was totally unjustified." As he remarked, "There comes a time when the price of poker gets too high." As an option, the trial court suggested that appellee agree to a remittitur of $4,000 on the attorney's fees. When appellee did not submit a remittitur, the trial court severed and tried the attorney's fee issue again.

At the conclusion of the second trial, the trial judge rendered judgment for appellee's attorney's fees and costs in the amount of $8,843.61. If appellants are correct in their claim in their brief that appellee spent 86.2 hours on the counterclaim, then the application of the hourly rate of $100 allowed by the trial judge to the hours expended by appellee's attorney approximated the amount awarded at the conclusion of the new trial. Although appellants refer us to the $12,343.61 figure as the amount awarded in attorney's fees to appellee, we are bound by the $8,843.61 figure stated in the judgment on the new trial.

Based on our review of the record, the trial court's award of appellee's attorney's fees is not excessive, either in terms of time spent or in terms of a reasonable relationship between the amount in controversy and the attorney's fees awarded. Although the attorney's fee award was approximately two and one-half times the amount of the unpaid maintenance fees, the record indicates more was at stake than simply the maintenance fees of the three owners in question. We hold that in light of the evidence before the trial judge, he did not err in awarding $8,843.61 as appellee's attorney's fees. Such a figure was not unreasonable or excessive and was supported by the record. Issue number three is overruled. The trial court's judgment is affirmed.

AFFIRMED.