

NUMBER 13-12-00361-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

RICHARD WHATLEY, INDIVIDUALLY,                          Appellant,

v.

O.F. JONES III, INDIVIDUALLY, AND
D/B/A LAW OFFICE OF O.F. JONES III,                     Appellee.

**On appeal from the 267th District Court
of Calhoun County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Chief Justice Valdez**

By multiple issues, appellant, Richard Whatley, challenges the trial court's judgment awarding appellee, O.F. Jones, III, individually and d/b/a Law offices of O.F. Jones III ("Jones"), $45,000 in his suit to recover fees and costs resulting from the present case and from his representation of Whatley in a case in Medina County. We reverse and remand for a new trial.

## I.  BACKGROUND[1]

Jones sued Whatley in Calhoun County under the theory of quantum meruit for attorney's fees incurred during his representation of Whatley in a trial in Medina County.[2]  The jury in the Medina County case awarded $18,600 as "a reasonable fee for the necessary [legal] services" Jones "rendered in preparation [of] and [for the] trial of this case . . . ." and the San Antonio Court of Appeals affirmed finding that this amount was within the range of testimony and supported by sufficient evidence.  *Whatley v. Lindeman*, Inc., No. 04-04-00351-CV, 2005 Tex. App. LEXIS 1078, at **1, 7–16 (Tex. App.—San Antonio 2005, no pet.).

On April 7, 2009, the Calhoun County trial court issued a take-nothing judgment in favor of Whatley, ruling, in part, that "[o]n the question of quantum meruit, the Court finds that the services rendered by O.F. Jones, III have been paid by Richard Whatley and no further money should be paid by Richard Whatley to O.F. Jones."  The trial court also found Jones liable for Whatley's attorney's fees in the amount of $9,900.  In response to Jones's request, the trial court entered findings of fact and conclusions of law on May 1, 2009, stating in part of its conclusions of law that Jones violated the unclean hands doctrine and that "[b]ased on his inequitable conduct he is not entitled to any additional fees."

Jones appealed the trial court's judgment.  We reversed the judgment and remanded the case, finding that the clean hands doctrine did not apply to this case.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

[2] This is the second appeal to this Court in this case.  The facts leading up to the first appeal are discussed in greater detail in our previous opinion.  *Jones v. Whatley*, No. 13-09-00355, 2011 Tex. App. LEXIS 4380, at **1–5 (Tex. App.—Corpus Christi June 9, 2011, no pet.) (mem. op.).

*Jones v. Whatley*, No. 13-09-00355, 2011 Tex. App. LEXIS 4380, at *30 (Tex. App.—Corpus Christi June 9, 2011, no pet.) (mem. op.).  We were not presented with, nor did we consider, the issue of whether any attorney's fees owed to Jones had been paid.  *Id.* Our reasoning regarding the award of attorney's fees in the Medina County case was confined to our consideration of the applicability of the clean hands doctrine.  *Id.*

On remand, the trial court held a hearing on October 13, 2012.  After the hearing, the trial court issued a judgment stating that it took judicial notice of all evidence heretofore presented and that Jones sought recovery of $37,728.35 for legal services rendered in the lawsuits in Medina County plus prejudgment interest on fees and $23,224.54 in connection with this cause and appeal to the Court of Appeals plus accrued costs.  The trial court awarded Jones a recovery of $26,694 including all prejudgment interest and all costs incurred.

On November 10, 2011, Whatley filed a motion for new trial arguing that the court's findings were legally and factually insufficient and contrary to the great weight of the evidence.  The trial court set a hearing on the motion for November 22, 2011. At the hearing, Jones stated that he also wanted to request a new trial because he believed he was entitled to more money from Whatley, and the parties agreed to another hearing to be scheduled in late January.[3]

On January 13, 2012, the trial court signed an "agreed" order granting the motion for new trial and vacating the October 13, 2011 judgment.  In a letter to Whatley's attorney dated January 13 2012,[4] Jones explained that he "was finally able to get [the

---

[3] Jones never actually filed a motion for new trial.

[4] This letter is attached to Whatley's second motion for new trial.

3

trial court] to sign the order granting the Motion for New Trial today."  The letter states that Jones had a conversation with the trial court judge, who told him that the parties needed to consider mediation again and that the judge was "inclined to sign a judgment that would provide me with a larger amount than he had previously . . . ."  On February 3, 2012, Jones sent another letter[5] to Whatley's attorney stating that he met the trial judge in his office and that, because the trial court had not received a response to Jones's trial brief,[6] the trial court signed Jones's proposed order and inserted the sum of $45,000.  On February 8, 2012, the trial court filed a judgment which was signed and dated January 2, 2012 that awarded Jones $45,000.  On February 8, 2012, the trial court issued a judgment nunc pro tunc stating that its previous judgment was "inadvertently dated January 2, 2012 when, in fact, it was signed February 2, 2012." The judgment nunc pro tunc also stated that prior to issuing the first judgment, "plaintiff filed a Trial Brief with the court on November 29, 2011.  Defendant did not file any response thereto."  The judgment again stated that it awarded Jones $45,000 including all prejudgment interest and all costs incurred.

In response to Jones's motion to correct judgment to comply with the Texas Finance Code, the trial court issued a second judgment nunc pro tunc signed April 16, 2012.  This judgment stated that "upon plaintiff's request the court took judicial notice of the record in this cause and all evidence heretofore presented."  The court concluded

---

[5] This letter is attached to Whatley's second motion for new trial.

[6] The trial court received a trial brief from Jones after the November 22 hearing.  On September 13, 2012, the trial court held a hearing to consider whether the brief was lost or destroyed.  At the hearing Jones stated he submitted the brief with a letter to the court clerk on November 29, 2011.  The trial court judge found that the document was lost and that it should be included in the record sent to the court of appeals because "it is part of the basis for my decision to award $45,000 in attorney's fees to Mr. Jones." On appeal, Whatley challenges the admission of that brief into evidence, but we decline to consider that issue because we are remanding for a new trial.  See TEX. R. APP. P. 47.1.

4

that "based upon the conflicting testimony, the Court finds that [Jones] is entitled to recover the sum of [$45,000] including all prejudgment interest and all costs incurred." Whatley filed a motion for new trial ("second motion for new trial") arguing that he was entitled to a new trial because the $45,000 judgment was completely without basis in law or in fact and because the trial court entered judgment without giving him an opportunity to be heard after it granted the motion for new trial on January 13, 2012. This second motion for new trial was denied by the trial court. Whatley now appeals the April 16, 2012 judgment nunc pro tunc.

## II.   NEW TRIAL

Whatley argues that his due process rights were violated because the motion for new trial was granted by agreed order but "the court never held the promised trial or even a hearing." He states that if judgment is not rendered in his favor, he prays for "reversal and remand because his right to a full and fair hearing was violated." *See* TEX. R. APP. P. 43.3 ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when: (a) a remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial.").[7]

### A.   Applicable Law

The United States Constitution provides that a person shall not be deprived of life, liberty, or property without due process of law. U.S. CONST. amend. XIV, § 1; *see*

---

[7] Notably, Whatley also argues that this Court has the authority to reverse and render a take nothing judgment in his favor. However, as we discuss in the subsequent section, we do not find this argument persuasive; we only address Whatley's due process argument and Jones's counter argument in this section. While a ruling in Whatley's favor on the legal sufficiency issue would provide him greater relief, we discuss his due process argument first because our ruling on his legal sufficiency argument is contingent on our due process finding.

5

TEX. CONST. art. 1, § 19. "Fundamental to the concept of due process is the right to be heard." *Fuentes v. Shevin,* 407 U.S. 67, 80 (1972). The right to be heard includes the right to a full and fair hearing before a court having jurisdiction over the matter. *Soefje v. Jones,* 270 S.W.3d 617, 625 (Tex. App.—San Antonio 2008, no pet.). Complete denial of the opportunity to present any evidence is a clear violation of due process. *Producer's Const. Co. v. Muegge*, 669 S.W.2d 717, 718–19 (Tex. 1984).

"[W]hen a trial court grants a motion for new trial, the case is reinstated on the trial court's docket as though no trial had occurred, and the slate is essentially wiped clean as to orders such as an oral pronouncement of judgment and written judgment based on the trial." *In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d 637, 644 (Tex. 2009) (internal citation omitted). Furthermore, "[w]hen a motion for new trial is granted, the original judgment is set aside and the parties may proceed without prejudice from the previous proceedings." *Gathe v. Gathe,* 376 S.W.3d 308, 314 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Additonally, when a trial court's order vacates the original judgment, it puts the case in the position as if there had been no trial. *In re Burlington Coat Factory Warehouse of McAllen, Inc.,* 167 S.W.3d 827, 831 (Tex. 2005); *Jordan v. Bustamante,* 158 S.W.3d 29, 36 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). However, a trial court does have the power to set aside or "ungrant" an order granting a motion for new trial "any time before a final judgment is entered." *In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d at 644.

## B.    Discussion

In the present case, the trial court did not purport to nor did it "ungrant" the motion for new trial or its order to vacate its previous judgment. Instead, it considered

6

new arguments made in a "trial brief" and entered a new judgment based on these arguments without allowing Whatley an opportunity to respond. In fact, the trial court explicitly stated in its first judgment nunc pro tunc that "the Court signed an Agreed Order, granting a new trial in the above styled and numbered cause, *in order to* provide more time for the Court and the parties to consider this matter." (emphasis added). However, granting the motion for new trial and vacating the October 13 order did not merely give the court and parties more time to consider the matter; rather, it put the case in a position as if there had been no trial. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.,* 167 S.W.3d at 831; *Jordan,* 158 S.W.3d at 36. The trial court granted a new trial agreed to by both parties; then, after it "reconsidered" its prior judgment, it issued a new judgment in favor of Jones without allowing Whatley to present evidence or arguments. Because granting the motion for new trial "wiped the slate clean" and vacating the October 13 judgment put the case in a position as if there had been no trial, we conclude that the court had no authority to render this judgment without affording Whatley his right to be heard. *See In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d at 644; *In re Burlington Coat Factory Warehouse of McAllen, Inc.,* 167 S.W.3d at 831; *Jordan,* 158 S.W.3d at 36.

Jones, on appeal, admits that "it is true that with respect to a jury trial, the rules and law are different, and a new hearing would be required and an opportunity to present new evidence to a jury is required." However, he argues that "those rules are not applicable to a bench trial and particular[ly] not when the only issue is attorney['s] fees under CPRC §38.001.[8] Or when the defendant's only real arguments are not fact founded." First, we find no authority to support the proposition that because there was a

---

[8] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West,   )

7

bench trial, the trial court was not required to provide Whatley with an opportunity to be heard after it granted a new trial and rendered a judgment based on new arguments proffered by Jones. Second, it is impossible for us to find that Whatley's only real arguments are not founded in fact when he was not given an opportunity to respond or present evidence after the new trial was granted.[9]

To support his argument that the trial court's judgment should be affirmed because it was an award of attorney's fees governed by Section 38.001 of the Texas Civil Practice and Remedies Code, Jones cites *Coward v. Gateway National Bank of Beaumont*. The *Coward* court held that, because the minimum tax fee schedule is prima facie evidence of attorney's fees, it could base the amount of an attorney's fees award on that without taking any further evidence. *Coward v. Gateway National Bank of Beaumont*, 525 S.W.2d 857, 857 (Tex. 1975). Jones, however, has not shown how this applies to a suit for quantum meruit after a new trial has been granted. Furthermore, the *Coward* case does not stand for the proposition that attorney's fees or any other recovery can be awarded at trial without affording the other party an opportunity to be heard. *Id.*

Accordingly, we must reverse the April 16, 2012 judgment nunc pro tunc and remand this case so that the trial court can consider the arguments and evidence presented by both parties. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. 1, § 19.; TEX. R. APP. P. 43.3(b). We sustain Whatley's Due Process issue.

---

[9] Furthermore, we note that both parties have presented conflicting facts throughout this continuing litigation that must be resolved by the trial court.

### III.     WHATLEY'S LEGAL SUFFICIENCY ARGUMENTS

In the alternative, Whatley asks us to reverse the judgment of the trial court and render judgment in his favor because there is no evidence that he owes Jones money.[10] Whatley argues that this Court has authority to consider evidence from the previous trials and hearings in this case which, he asserts, shows that all money owed has been repaid.[11]  He bases his argument on *Gorman v. Countrywood Prop. Owner's Ass'n.* in which the Beaumont Court of Appeals reasoned that a trial court, at a bench trial following the granting of motion for new trial, "considered the evidence from the new trial, the hearing on the motion for new trial, and the prior trial." 1 S.W.3d 915, 919 n.4 (Tex. App.—Beaumont 1999, pet. denied).  The court of appeals, therefore, "likewise consider[ed] that evidence as being part of [its] scope of review." *Id.*  In the *Gorman* case, however, the trial court held proceedings in a new trial in which both parties presented arguments and referred to evidence from the prior trial.  *Id.*  Additionally, the *Gorman* Court was considering evidence that supported a trial court judgment at the new trial, as it was affording the trial court discretion in affirming its judgment.  *Id.* at 921.

---

[10] We must consider this issue because a ruling in appellant's favor would provide him greater relief than a motion for new trial. *See National Life & Accident Ins. Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex. 1969).

[11] Whatley argues that the trial court made this determination before our remand in the first appeal.  We note that, while the trial court stated that "the services rendered by O.F. Jones, III have been paid by Richard Whatley" in its first judgment, it did not list this finding in its findings of fact or conclusions of law.  In the first appeal, we considered only whether the unclean hands exception applied to this case. We did not overturn any finding regarding whether the money had been paid, but could not affirm on that basis because it was not listed in the trial court's findings of fact or conclusions of law.  We specifically "remand[ed] for proceedings consistent with this opinion to determine the amount of Jones's attorney's fees based on quantum meruit only, without applying the clean hands doctrine." *Whatley*, 2011 Tex. App. LEXIS 4380 at *30.  Accordingly, the amount of attorney's fees owed to Jones is a determination that must be made by the trial court on remand.

Here, Whatley asks us to go back into the record from the previous trial and find evidence to reverse the judgment of the trial court in a trial which did not even occur. However, we have found that Whatley is correct in asserting in his brief that a motion for new trial was granted, but "the court never held the promised trial or even a hearing." As discussed above, by granting the motion for new trial and vacating the October 13 judgment, the trial court wiped the slate clean and put the case in a position as if there had been no trial. The parties were therefore entitled to an opportunity to be heard in a new trial conducted without prejudice from the previous trial. *See In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d at 644; *Gathe,* 376 S.W.3d at 314. Therefore, as Whatley was not given an opportunity to present any evidence or arguments at the new trial, we have no evidence before us which would show that the money has or has not been paid.[12] Accordingly, the trial court must determine on remand whether the evidence shows that the money has been paid. We overrule Whatley's issue.

## IV. WHATLEY'S OTHER ARGUMENTS

Whatley also argues that, based on the law of the case and collateral estoppel, the trial court is bound by the finding of the Medina County court that Whatley owes $18,600 and that under the theory of quantum meruit, he can owe no more. Additionally, he argues that Jones was not entitled to attorney's fees for the appeal of the Medina County court's finding on attorney's fees to the San Antonio Court of Appeals. We cannot consider these issues at this time because they have not been argued to the trial court after the new trial was granted and must be properly raised to the trial court on remand. *See In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d at

---

[12] Additionally, we note that there seems to be a legitimate factual dispute between the parties as to what funds are considered payment of attorney's fees. This is a fact issue that must be resolved by the trial court.

10

644; *Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005) (setting out that appellant did not preserve issue for appellate review because his argument at trial did not comport with his argument on appeal); *see also Keeter v. State*, 175 S.W.3d 756, 759–60 (Tex. Crim. App. 2005) (explaining that an appellate court cannot find that the trial court erred when the appellant failed to make a complaint to it). Whatley's other issues are overruled.

## V. CONCLUSION

We reverse and remand for a new trial.

 

 

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
23rd day of May, 2013.