**Affirmed and Memorandum Opinion filed February 25, 2020.**



**In the**

# Fourteenth Court of Appeals

## NO. 14-17-00912-CV

### HOSSAIN JOHARI D/B/A FOXX STUDIO, Appellant

**v.**

### AYVA CENTER LLC, Appellee

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1076577**

## MEMORANDUM OPINION

Following a bench trial, the trial court awarded appellee Ayva Center LLC $520.00 on its breach of contract and conversion claims against appellant "Hosain [sic] Johari, individually and doing business as Foxx Studio," and further awarded Ayva $12,464.00 in attorney's fees.[1] Johari challenges the award of attorney's fees

---

[1] The notice of appeal clarifies there is only one defendant in the underlying lawsuit, Hossain Johari d/b/a Foxx Studio: "In the style of *Plaintiff's Original Petition*, Foxx Studio and Hossain Johari were given as separate parties; although Foxx Studio is an assumed business name of Hossain Johari."

on the grounds that Ayva failed to segregate its fees by claim and the amount of fees is excessive. We affirm.

## I.   BACKGROUND

Ayva brought suit against Johari for breach of contract, conversion, violation of the Texas Theft Liability Act,[2] and fraud, based on allegations that Johari breached his agreement to provide photography services to Ayva and stole property from Ayva. Johari filed counterclaims for breach of contract, quantum meruit, and defamation. During the bench trial, Ayva introduced billing records from its counsel showing hours worked and hourly rates for attorneys and paralegals assigned to the case. Allan Cease, Ayva's counsel at time of trial, testified regarding his hours worked and billing rate for trial preparation and trial (information that was not included in the admitted billing records), and requested an award of attorney's fees in the total amount of $12,464.00. Cease also testified that Ayva's claims were "inextricably intertwined" such that the requested fees could not be segregated by claim. Johari did not object to the documentary evidence regarding attorney's fees or to the testimony of Cease concerning fees.

Following trial, the trial court signed its final judgment awarding Ayva $120.00 for breach of contract, $400.00 for conversion, $12,464.00 in attorney's fees, and $800.00 in costs. The trial court did not award Johari any relief on his counterclaims.

## II.   ANALYSIS

In his sole issue, Johari challenges the trial court's award of attorney's fees. "Ordinarily, the allowance of attorney's fees rests with the sound discretion of the trial court and will not be reversed without a showing of abuse of that discretion."

---

[2] Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001–.005.

*Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990).

Johari first argues that the fee award should be reversed because Ayva did not segregate recoverable from nonrecoverable fees. Typically, parties must segregate attorney's fees by claim "in a case containing multiple causes of action, only some of which entitle the recovery of attorney's fees."[3] *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997). However, "if no one objects to the fact that the attorney's fees are not segregated as to specific claims, then the objection is waived." *Id.* (citing *Hruska v. First State Bank of Deanville,* 747 S.W.2d 783, 785 (Tex. 1988)). Johari did not object to Ayva's failure to segregate fees in the trial court, thereby waiving any challenge to the fees on that basis. *See id.*; *see also* Tex. R. App. P. 33.1(a) (general rule for preservation of error).

Johari next argues that, under the lodestar method for calculating attorney's fees, the trial court erred by failing to reduce the amount of the fee award based on Ayva's limited success. The lodestar method applies "to any situation in which an objective calculation of reasonable hours worked times a reasonable rate can be employed."[4] *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). "[T]here is a presumption that the base lodestar calculation, when supported by sufficient evidence, reflects the reasonable and necessary attorney's fees that can be shifted to the non-prevailing party." *Id.* at 499. However, "exceptional circumstances" may justify enhancements or reductions to the base lodestar. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (Tex. 2012). "[I]f a fee

---

[3] Ayva was entitled to recover attorney's fees due to prevailing on its claim for breach of contract. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (authorizing recovery of attorney's fees for successful breach-of-contract claim). Attorney's fees, however, are generally not available for conversion claims. *See Broesche v. Jacobson*, 218 S.W.3d 267, 277 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

[4] The parties do not dispute that Ayva used the lodestar method to support its application for attorney's fees.

opponent seeks a reduction, it bears the burden of providing specific evidence to overcome the presumptive reasonableness of the base lodestar figure." *Rohrmoos Venture*, 578 S.W.3d at 501.

Johari does not challenge the base lodestar calculation of $12,464.00. Johari argues that the trial court abused its discretion by failing to reduce the lodestar due to the disproportion between the damages award of $520.00 and the fee award of over $12,000.00. Our sister courts, however, have held consistently that disproportion between the amount recovered and the amount of attorney's fees will not, on its own, justify reduction of the lodestar. *See Young v. Sanchez*, 04-10-00845-CV, 2011 WL 4828021, at *6 (Tex. App.—San Antonio Oct. 12, 2011, no pet.) (mem. op.) ("A disproportionate relationship between the amount of damages and attorney's fees awarded does not alone render the attorney's fee award excessive, and [appellants] cite no other factor to show the fee award was unreasonable."); *Flatrolled Steel, Inc. v. Jones*, 05-04-01175-CV, 2005 WL 1405742, at *2 (Tex. App.—Dallas June 16, 2005, no pet.) (mem. op.) ("Although appellee was awarded $13,405.89 in actual damages and $38,716.28 in attorneys' fees, disproportion alone does not render the award of attorneys' fees excessive."); *Gorman v. Countrywood Prop. Owners Assoc.*, 1 S.W.3d 915, 919 (Tex. App.—Beaumont 1999, pet. denied) (mere fact that attorney's fee award was multiple of actual damages did not render fee award excessive).[5] As Johari points us to no other evidence supporting a reduction of the lodestar, we cannot conclude that the trial court abused its discretion by failing to adjust the lodestar calculation.[6] *See*

---

[5] The Fifth Circuit agrees that, under Texas law, "disproportion alone does not render [an] award of attorneys' fees excessive." *Northwinds Abatement, Inc. v. Emp'rs Ins. of Wausau*, 258 F.3d 345, 355 (5th Cir. 2001) (sitting in diversity and applying Texas law).

[6] Johari cites *Combs v. City of Huntington* for the proposition that a low damages award may warrant reduction in the base lodestar. 829 F.3d 388 (5th Cir. 2016). *Combs*, however, involved a reduction in the lodestar based on a comparison between damages *awarded* and

4

*Rohrmoos Venture*, 578 S.W.3d at 501.

We overrule Johari's issue.

## III.  CONCLUSION

We affirm the trial court's judgment.

/s/     Charles A. Spain
      Justice

Panel consists of Justices Wise, Zimmerer, and Spain.

---

damages *sought*, not a comparison between damages awarded and fees awarded as argued here and disapproved of by Texas courts. *See id.* at 395–96.