# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00207-CV

**In re Sister Jan E. Renz,**
**Independent Executor of the Estate of Bernice Morene Ille, Deceased**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Sister Jan E. Renz has filed a petition for writ of mandamus seeking to compel the trial court to vacate orders that would require the Estate of Bernice Morene Ille (the Estate) to immediately transfer certain assets and to pay the real party in interest's attorney's fees.[1] For the reasons discussed below, we conditionally grant the writ.

Bernice died on January 23, 2013, and left a will directing that each of her four grandchildren receive $10,000; that her daughter, Sister Janiece Ille, receive 90% of the residue of her estate; and that her son, John Ille, receive the remaining 10% of the residue of her estate. After the will was admitted to probate and Sister Jan was appointed independent executor, Sister Jan filed suit, on behalf of the Estate, in probate court against one of Bernice's grandchildren, John's son, Greg Ille. According to Sister Jan, Greg had wrongfully taken possession of several items and money from his grandmother while she was alive but incapacitated, and the Estate sought to recover these assets.

---

[1] Because several of the parties share the same last name, for clarity, we will refer to the parties by their first name.

Following a mediation of the lawsuit between Sister Jan and Greg, at which several of the beneficiaries of the Estate participated, the parties signed a Memorandum of Settlement Agreement (MSA) seeking to settle the Estate in its entirety. Generally, the MSA provided that Greg would transfer certain assets to the Estate, that the Estate would release its claims against Greg, and that the Estate would then transfer certain assets and proceeds to a trust established for the benefit of John, who had been declared incapacitated since his mother's death. Allegedly concerned that Greg could not deliver some of the assets, that he had failed to properly account for all assets he had acquired from Bernice, and that he was continuing to spend money wrongfully taken, Sister Jan later withdrew her consent to the MSA.

Real party in interest, Ken Ille, as guardian of John, subsequently intervened in the lawsuit and filed a motion seeking to enforce the MSA. Rejecting Sister Jan's arguments concerning the enforceability of the MSA, the probate court granted the motion. On March 23, 2015, the trial court signed an order adopting portions of the MSA requiring Sister Jan, on behalf of the Estate, to transfer certain sales proceeds and real property to John's trust and to pay $25,000 in attorney's fees to Ken's attorneys. When the transfers had not been completed within the deadlines as ordered, Ken moved to enforce the March 23 order. Following a hearing, on April 2, 2015, the trial court signed an order requiring Sister Jan to pay $70,000 to Ken's attorneys and to complete the previously ordered transfers by April 6, 2015.[2]

Sister Jan then filed this original proceeding seeking to vacate the trial court's orders. In her petition for writ of mandamus, Sister Jan contends that the trial court abused its discretion by

_____

[2] Upon the relator's motion, we temporarily stayed the trial court's orders. *See* Tex. R. App. P. 52.10.

2

ordering the Estate to immediately "pay substantial attorney's fees and transfer valuable assets before the Estate can appeal the interlocutory orders." A party seeking mandamus relief must establish that the trial court clearly abused its discretion and that there is no adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). Because mandamus relief is not appropriate if the challenged orders are immediately subject to appeal, to determine whether Sister Jan is entitled to mandamus relief, we first consider whether the May 23 and April 2 orders are final, appealable orders.

Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Instead, "multiple judgments final for purposes of appeal can be rendered on discrete issues." *Id*. (citing *Lehmann*, 39 S.W.3d at 192). Absent an express statute declaring a phase of probate proceedings to be final and appealable, however, a probate order is considered final only when it disposes of all parties or issues in a particular phase of the proceedings for which it is brought. *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995). In addition, an otherwise interlocutory probate order may be made final by a severance order, if it meets the severance criteria. *Id*.

Here, the orders enforcing the MSA address only Ken's claims against the Estate, and no adjudication had been made or dismissal entered with respect to the Estate's claims against Greg. Thus, the orders do not dispose of all parties or issues related to the MSA. In addition, although Sister Jan proposed a severance at the hearing on the motion to enforce, Ken would not agree and no severance was obtained. As a result, under *Crowson*, the trial court's March 23 and April 2 orders are interlocutory probate orders and cannot be immediately appealed. *See id*.

3

Having determined that the challenged orders are not subject to immediate appeal, we turn to the Estate's assertion that the trial court abused its discretion in ordering compliance. Generally, a party has the right to suspend enforcement of a judgment pending appeal. *See* Tex. R. App. P. 24.1. This right may be lost if the trial court allows enforcement of an interlocutory order disposing of claims before all of the parties' claims have been adjudicated and a final judgment has been signed. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005) (orig. proceeding) (trial court abused its discretion in permitting execution on interlocutory judgment); *In re El Caballero Ranch, Inc.*, No. 04-14-00584-CV, 2014 WL 6687242, at *3 (Tex. App.—San Antonio Nov. 26, 2014, orig. proceeding) (mem. op.) (concluding that trial court abused its direction by permitting party to use and maintain claimed easement on partial summary judgment before final summary judgment). If the Estate is required to immediately comply with the court's orders to transfer certain assets to John's trust and to pay Ken's attorney's fees, it will lose the ability to maintain the status quo while obtaining appellate review of those orders, including review of the trial court's determination that the MSA is enforceable against the Estate. *See In re Khan*, No. 09-13-00382-CV, 2013 WL 5434624, at *1 (Tex. App.—Beaumont Sept. 26, 2013, orig. proceeding) (mem. op.) (concluding that trial court abused its discretion by ordering compliance with agreement to transfer ownership through partial summary judgment before final judgment was signed). As a result, the trial court abused its discretion and, because the Estate will lose any ability to supersede the orders, the Estate lacks an adequate remedy by appeal.[3] *See*

---

[3] In response, Ken does not dispute that the challenged orders are interlocutory or that they are not subject to immediate appeal. Instead, Ken argues that the trial court did not abuse its discretion in enforcing the MSA because the parties had previously sought and obtained approval of the MSA. This allegation, if proven, might support a determination by the trial court that a judgment had been entered before the Estate withdrew its consent or, alternatively, that the MSA is

4

*In re Burlington Coat Factory Warehouse*, 167 S.W.3d at 831 (concluding that there is no adequate remedy by appeal for allowing execution to issue before final judgment has been entered).

We conditionally grant the petition for writ of mandamus.[4] We are confident the trial court will vacate its orders of March 23, 2015 and August 2, 2015. The writ will issue only if the trial court fails to comply.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Filed:   September 10, 2015

---

enforceable as a written contract. *See Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 658 (Tex. 1996) ("A written settlement agreement may be enforced though one party withdraws consent before judgment is rendered on the agreement. . . . Where consent is lacking, however, a court may not render an agreed judgment on the settlement agreement, but rather may enforce it only as a written contract."). However, even if the trial court determined that Sister Jan's consent had not been withdrawn and that the MSA is enforceable—determinations that could be challenged on appeal—it is the interlocutory nature of the trial court's orders that prevents them from being immediately enforceable and, consequently, subject to mandamus relief.

[4] In her petition, Sister Jan raises alternative arguments concerning the overall enforceability of the MSA. Because an adequate remedy by appeal exists with respect to these arguments, we decline to grant mandamus relief on these grounds.

5