

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00413-CV

———————————————

HOMEWARD RESIDENTIAL, INC., Appellant

V.

WILLIAM PAUL BURCH, Appellee

---

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-307179-19

---

Before Gabriel, Kerr, and Birdwell, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Homeward Residential, Inc. filed a restricted appeal from the trial court's May 10, 2019 default judgment. *See* Tex. R. App. P. 30. But as we explain below, we must dismiss the appeal for want of jurisdiction because the default judgment is not final.

William Paul Burch, proceeding pro se, sued Homeward Residential to quiet title to real property in Everman, Texas. In addition to his quiet-title claim, Burch pleaded claims for breach of contract, statutory fraud, and violations of Texas Civil Practice and Remedies Code Chapter 12, Texas Penal Code Sections 32.45 and 32.49, and Texas Property Code Section 53.160. *See* Tex. Bus. & Com. Code Ann. § 27.01; Tex. Civ. Prac. & Rem. Code Ann. §§ 12.001–.007; Tex. Penal Code Ann. §§ 32.45, .49; Tex. Prop. Code Ann. § 53.160. Burch sought removal of Homeward Residential's lien on the property, compensatory and exemplary damages, damages under Civil Practice and Remedies Code Section 12.002, specific performance of the contract, attorney's fees, court costs, and pre- and postjudgment interest. After Homeward Residential failed to answer or to otherwise appear,[1] the trial court signed a default judgment in Burch's favor:

---

[1]We make no determination whether Homeward Residential was properly served.

IN THIS ACTION Defendant Homeward Residential, Inc has had ample time to provide evidence in their defense and has failed to do so.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff shall recover from Defendant, Homeward Residential, Inc the summary judgement as follows:

Lien removed by County Clerk on property located at 420 Georgetown Dr., Everman, Texas 76140

Section 12.002 actual damages: $ 569,833. 00

Compensatory Damages: $ 569,833.00

Punitive Damages: $ 250,000.00

Court Cost and fees $ 35,000.00

Two days before the six-month deadline to file a restricted appeal, Homeward Residential filed a notice of restricted appeal. *See* Tex. R. App. P. 26.1(c), 30. In its notice, Homeward Residential expressed its concern that the default judgment was not a final judgment because it did not dispose of all of Burch's claims.

We were likewise concerned about the default judgment's finality and thus notified the parties of our concern that we lacked jurisdiction over this appeal because the default judgment did not appear to be either a final judgment or an appealable interlocutory order. We warned the parties that we could dismiss the appeal for want of jurisdiction unless one of them filed a response showing grounds for continuing it. *See* Tex. R. App. P. 42.3(a), 44.3.

3

Both parties responded. Homeward Residential concedes that the default judgment is interlocutory and that we thus lack jurisdiction.[2] Burch counters that the default judgment is final and appealable.

Unlike a judgment after a trial on the merits, there is no presumption of finality following a default judgment. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 829 (Tex. 2005) (orig. proceeding). A default judgment that disposes of all parties and claims is final. *See id.* at 830. But "a default judgment that fails to dispose of all claims can be final only if 'intent to finally dispose of the case' is 'unequivocally expressed in the words of the order itself.'" *Id.* (quoting *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001)). A phrase such as "[t]his judgment finally disposes of all parties and all claims and is appealable" unequivocally expresses an intent to finally dispose of the case. *Lehmann*, 39 S.W.3d at 206; *see Burlington Coat Factory*, 167 S.W.3d at 830. If a default judgment lacks finality language, we look to the record to determine whether the judgment actually disposes of all parties and claims. *See In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding).

The default judgment here lacks language unequivocally expressing an intent to finally dispose of the case. *See Burlington Coat Factory*, 167 S.W.3d at 830. It does not

---

[2]In its response, Homeward Residential stated that it filed its notice of restricted appeal because of the imminent restricted-appeal deadline, and "it was not clear at that time whether the [d]efault [j]udgment would be considered final." Homeward Residential explained that it perfected its appeal to preserve its ability to challenge the default judgment on appeal if we determined that it is final.

contain any finality language, does not state that it is a final judgment, and does not purport to dispose of all parties and claims. *See id.* We thus review the record to determine whether the default judgment actually disposes of all parties and claims. *See Elizondo*, 544 S.W.3d at 827–28; *Lehmann*, 39 S.W.3d at 205–06.

We have reviewed the record and have determined that the default judgment does not dispose of all of Burch's claims. The judgment purports to remove a lien against the property and awards Burch "Section 12.002 actual damages," compensatory and punitive damages, and "Court Cost[s] and fees." But at a minimum, it does not dispose of Burch's claims for Penal Code violations, prejudgment interest, and attorney's fees.[3]

Regarding Burch's claims for Penal Code violations, even though the default judgment removes a lien and awards damages and court costs and fees, the judgment cannot be construed as awarding relief for and therefore disposing of his Penal Code claims because the Penal Code does not create private rights of action. *See, e.g., Tex. Health Res. v. Pham*, No. 05-15-01283-CV, 2016 WL 4205732, at *8 (Tex. App.—Dallas Aug. 3, 2016, no pet.) (mem. op.); *LeBlanc v. Lange*, 365 S.W.3d 70, 87 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Nor does the default judgment dispose of Burch's request for prejudgment interest. *See Sawyers v. Carter*, No. 01-14-00870-CV, 2015 WL 3981313, at *2 (Tex. App.—Houston [1st Dist.] June 30, 2015, no pet.)

---

[3]There is nothing in the appellate record indicating that Burch nonsuited or abandoned these claims.

5

(mem. op.) ("When a default judgment [without finality language] does not dispose of an unresolved request for prejudgment interest, the judgment is interlocutory, not final."); *Tehuti v. Barrett Daffin Frappier Turner & Engel, LLP*, No. 05-11-00449-CV, 2011 WL 3964573, at *1 (Tex. App.—Dallas Sept. 9, 2011, no pet.) (mem. op.) (holding that a judgment was not final because it did not affirmatively dispose of prejudgment-interest claim and lacked language indicating that all claims and parties had been disposed of and was intended to be final). And finally, the default judgment awarded "Court Cost[s] and Fees" but made no mention of Burch's attorney's-fees claim and thus failed to dispose of it. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 162–64 (Tex. 2015) (holding that summary-judgment order without finality language that did not resolve the parties' competing attorney's-fees requests was not final); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (holding that summary-judgment order's resolution of court-costs claim did not dispose of attorney's-fees claim and did not indicate finality).

Accordingly, we hold that the default judgment is not final. *See Lehmann*, 39 S.W.3d at 205–06 ("[W]e conclude that when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. . . . Nothing in the order [here] indicates that it is a final judgment, and it did not dispose of all pending claims and parties."). Absent a final judgment, we lack jurisdiction over this

appeal, and we must dismiss it.[4] *See id.* at 195. Accordingly, we deny all pending motions, and we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  January 23, 2020

---

[4]The default judgment is not an appealable interlocutory order and neither party contends that it is.