

# Fourth Court of Appeals
## San Antonio, Texas

August 2, 2021

No. 04-21-00239-CV

James Thomas **GREEN,**
Appellant

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE,** J. Doe(s), Evelyn Castro, Maria
Ramirez, Elida DeLaRosa, Eric Fletcher,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 2020-08-00149-CVL
Honorable Lynn Ellison, Judge Presiding

# O R D E R

Appellant seeks to appeal an April 4, 2021 order that grants appellees' motions to dismiss certain of appellant's claims on sovereign immunity grounds. On July 21, 2021, appellees filed a motion to dismiss the appeal, arguing, inter alia, that appellant did not timely file his notice of appeal.

The trial court's order specifically dismisses "[a]ll tort allegations" asserted by appellant and does not appear to dispose of claims appellant asserted under the United States and Texas constitutions pursuant to 42 U.S.C. § 1983. Because the April 4, 2021 order does not dispose of all claims in dispute between the parties, it appears to be an interlocutory, or non-final, order. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 831 (Tex. 2005) (orig. proceeding). Because an appeal of an interlocutory order is an accelerated appeal, appellant's notice of appeal was due by April 26, 2021, twenty days after the trial court signed the order. *See* TEX. R. APP. P. 26.1(b); TEX. R. APP. P. 28.1(a). A motion for extension of time to file the notice of appeal was due by May 11, 2021. *See* TEX. R. APP. P. 26.3.

The record does not indicate precisely when appellant, who is an inmate acting pro se, delivered his notice of appeal to prison authorities. *See Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004) (pro se inmate's filing "is deemed filed at the time the prison authorities duly receive the document to be mailed"). However, the record indicates appellant signed his notice of appeal on May 28, 2021, after his deadline to file a motion for extension of time had expired. "[O]nce

the period for granting a motion for extension of time under Rule [26.3] has passed, a party can no longer invoke the appellate court's jurisdiction." *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (construing the predecessor to Rule 26). Because the notice of appeal appears to have been untimely filed, we **ORDER** appellant to show cause why this appeal should not be dismissed for lack of jurisdiction **by August 12, 2021**. *See id.* If appellant fails to satisfactorily respond to this order by the date ordered, this appeal will be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3. All other appellate deadlines are suspended until further order of this court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 2nd day of August, 2021.

_____
MICHAEL A. CRUZ, Clerk of Court