

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00039-CV

CHRISTY HEATH, APPELLANT

V.

JYOTI MUKTEVI KARUMURU, APPELLEE

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 23-6931-393, Honorable Steve Burgess, Presiding

September 17, 2024

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Christy Heath, files this appeal from a default judgment granted in favor of Appellee, Jyoti Muktevi Karumuru. Because there is no final judgment in this case and the default judgment presented on appeal is not immediately appealable, we dismiss for want of jurisdiction.[1]

---

[1] Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Second Court of Appeals and this Court, this appeal will be decided in accordance with the precedent of the Second Court of Appeals. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251 (Tex. 2022).

Heath and Karumuru were involved in a car accident in 2023. On August 11, 2023, Karumuru filed suit against Heath. In her petition, Karumuru sought damages for negligence and also requested exemplary damages for Heath's purported gross negligence. After a hearing, the trial courted signed a default judgment against Heath on September 14, 2023. The judgment "finds [Heath] was negligent and that such negligence was the proximate cause of [Karumuru's] damages [.]" The judgment does not expressly dispose of the gross negligence claim and request for exemplary damages.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

The judgment in this case does not dispose of Karumuru's gross negligence claim for exemplary damages, nor does it contain unequivocal finality language. *See Bennett v. Joubert*, No. 02-19-00027-CV, 2019 Tex. App. LEXIS 7674, at *2–3 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op.) (citing *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding)); *In re Urban 8 LLC*, 689 S.W.3d 926, 929 (Tex. 2024) ("We have long held that a default judgment awarding actual damages is not final if it fails to dispose of the plaintiff's request for exemplary damages based on gross negligence."). By letter of August 19, 2024, we notified the parties that it did not appear we have jurisdiction over this appeal. Both parties have filed a response but failed to demonstrate grounds for continuing the appeal.

2

Because Heath has not presented this Court with a final judgment or appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tᴇx. R. Aᴘᴘ. P. 42.3(a).

Per Curiam